EVANGELINE KOUTRO HICKS v. LOTTIE M. KOUTRO. INDIVIDUALLY,
    AND LOTTIE M. KOUTRO, ADMINISTRATRIX C.T.A. OF THE WILL OF VAN
    P. KOUTRO, AND AGAMEMNON KOUTRO.

(Filed 15 October, 1958.)

**1. Appeal and Error § 35—**

Where the judgment recites that the parties waived a jury trial, such
recital is conclusive on the Supreme Court, and an exception to trial
by the court on the ground that appellants had not waived trial by jury
cannot be sustained.

**2. Appeal and Error § 39—**

Where there is nothing in the record to show that the judgment was
entered out of term, the presumption of regularity prevails, and an ex-
ception on the ground that the judgment was entered out of term and
in chambers cannot be sustained.

**3. Trial §§ 36, 53—**

The court should not enter a fragmentary judgment settling part of
the case and leave part of the issues to be settled at a later date or in
another action, even though the parties consent thereto, since it is the
duty of the court to dispose of all issues raised by the pleadings in the
one action, the courts and the public having an interest in the finality
of litigation.

**4. Wills § 44—**

Whether a beneficiary is put to an election under the will is controlled
by the intent of the testator, and while this intent must be gathered from
the will, the value of the respective properties devised or bequeathed to
the beneficiary and the value of the properties of the beneficiary disposed
of by the will, are attendant circumstances which well may be material
on the question of intent.

**5. Same—**

A holding by the court that the doctrine of election is not applicable
to the will in question without any findings as to the value of the re-
spective properties and without attempting to determine the testator's
intent, is error, and on appeal the cause must be remanded for another
hearing.

PARKER, J., not sitting.

APPEAL *in forma pauperis* by the plaintiff from judgment entered
on July 25, 1958 by *Froneberger, J.*

Civil action in which the plaintiff alleged: (1) Van P. Koutro died
on January 4, 1956, leaving a will in which the Citizens National Bank
of Gastonia was named executor. (2) The bank refused to qualify
and the defendant, Lottie M. Koutro, widow, qualified as administra-
trix C.T.A. (3) The administratrix C.T.A. has refused to file inven-
tories and a final account; has converted funds of the estate to her
personal use; has permitted the defendant, Agamemnon Koutro, to

use funds belonging to the estate; has failed and refused to collect assets of the estate; has given to Agamemnon Koutro certain diamond and sapphire jewelry belonging to the estate. (4) The testator bequeathed personal property, including stocks and bonds and jewelry, to be equally divided—one-third to the plaintiff and one-third to each of the defendants. (5) The testator devised the following real estate to Lottie M. Koutro in fee: One apartment house and lot on East Second Street; one house and lot on Eighth Avenue; one building and lot on East Airline Avenue; and one house and lot on West Airline Avenue. The testator devised to Agamemnon Koutro one building and lot on East Chestnut Street and one building and lot on North Falls Street. To the plaintiff, the testator devised one house and lot on South Willow Street. The foregoing properties he owned in fee. He also devised an apartment house and lot on North Marietta Street and a vested remainder in a house and lot on West Walnut Street to the plaintiff after a life estate to the widow, Lottie M. Koutro. The last two described properties—on Marietta Street and Walnut Street— the testator and his wife, Lottie M. Koutro, held as estates by the entireties. (6) By qualifying as Administratrix C.T.A. and by taking under the will, and by placing encumbrances on certain property belonging to the estate, Lottie M. Koutro elected to be bound by the will, and by accepting benefits under it she must give up her own property which the testator devised to the plaintiff; and that the plaintiff is the owner of the property and interest therein devised to her.

The foregoing is a summary of the presently material allegations in the plaintiff's complaint to which she attached a copy of the will. The plaintiff asked (1) for an accounting and distribution of assets; (2) for the delivery of the rings and jewelry by Agamemnon Koutro to the co-defendant Administratrix C.T.A.; (3) for the appointment of a receiver to collect the rents from the property belonging to the estate; and (4) for the construction of the will to determine whether Lottie M. Koutro had made an election to take under it.

The defendants filed a joint answer in which they denied all allegations summarized under (3) above. They allege the jewelry described therein was given to the defendant, Agamemnon Koutro, prior to the death of the testator. They allege also that Lottie M. Koutro was not required to make an election, and that the devise to the plaintiff by Van P. Koutro of the properties held by entireties be declared void, and that Lottie M. Koutro be declared the owner in fee.

On July 25, 1958, the resident judge of the district entered judgment in part as follows:

"This cause, coming on to be heard, and being heard before the Honorable P. C. Froneberger, Resident Judge of the Twenty-Seventh Judicial District, by consent of the parties and their counsel and

it appearing to the Court that the parties have waived trial by a jury and have agreed that the Last Will and Testament of the late Van P. Koutro shall be submitted to the undersigned to determine whether or not the plaintiff is the owner of a house and lot located at 307 North Marietta Street in the City of Gastonia, North Carolina, and whether or not the plaintiff has a remainderman's interest in the house and lot situated at 818 West Walnut Street in the City of Gastonia, North Carolina pursuant to the terms of the Last Will and Testament of said Van P. Koutro; and it further appearing to the Court that the parties, through their counsel, have agreed that all matters arising on the pleadings relative to the administration of the estate and the ownership of certain jewelry shall not be considered by the Court but will be determined in a subsequent action brought by the plaintiff in the event such action becomes necessary; and it further appearing to the Court that the parties have agreed that 'Exhibit A' of the plaintiff's Complaint is a copy of the Last Will and Testament of Van P. Koutro and that at the time of his death Van P. Koutro was the owner in fee simple of the following real estate"; . . . (Here follows descriptions substantially as alleged in the complaint.)

". . . Van P. Koutro and wife, Lottie M. Koutro own the following property as tenants by the entirety: House and lot on West Walnut Street; house and lot on Marietta Street . . .

"The Court having considered the foregoing agreed facts, admissions in the pleadings and argument of counsel, concludes that the doctrine of election is not applicable to this case," and that Lottie M. Koutro is the owner in fee of both properties held by the entireties.

The plaintiff excepted to the judgment on the following grounds:

"1. The Court had no authority to enter said Judgment since issues of fact arose on the pleadings and plaintiff had not consented to a waiver of jury trial.

"2. The Court had no authority to entertain said cause or enter said Judgment out of term time and in chambers since plaintiff had not consented to a waiver of jury trial.

"3. The Court erred in entering the Judgment as appears of record in that said Judgment is fragmentary and does not dispose of issues raised on the pleadings.

"4. The Court failed to find any facts in said Judgment.
* * *

"6. The Court failed to find as a fact that the defendant, Lottie M. Koutro qualified as Administratrix C.T.A. under the Will of Van P. Koutro.

"7. The Court failed to find as a fact that the defendant, Lottie

M. Koutro had claimed certain property namely the property on Oakland Avenue and Second Avenue and the property known ·as 146 West Airline Avenue as her own individual property and that she had executed a Deed of Trust on said property reciting in said Deed of Trust that said property was devised to her by Van. P. Koutro."

8. The Court failed to conclude as a matter of law that Lottie M. Koutro had elected to take under the will and was estopped to assert title to the property devised to the plaintiff.

The plaintiff excepted and appealed.

*Bell, Bradley, Gebhardt, and Delaney, By Ernest S. DeLaney, Jr., for plaintiff, appellant.*

*L. B. Hollowell, Hugh W. Johnston for defendant, appellees.*

HIGGINS, J. The judgment recites the parties waived a jury trial. The Court is bound by the recital. Exception No. 1 is not sustained. There is nothing in the case to show the judgment was entered out of term. The presumption of regularity prevails. Exception No. 2 is not sustained.

The question raised by the plaintiff's Exception No. 3 presents real difficulty. The pleadings raise issues of fact as to whether the Administratrix C.T.A. has mismanaged the estate and whether a receiver should be appointed on that account. Can the court, by consent, enter a fragmentary judgment settling a part of the case and leave part of the issues to be settled at a later date or in another action? A judgment is conclusive as to all issues raised by the pleadings. When issues are presented it is the duty of the court to dispose of them. Parties, even by agreement, cannot try issues piecemeal. The courts and the public are interested in the finality of litigation. This idea is expressed in the Latin maxim *interest reipublicae ut sit finis litium*, that there should be an end of litigation for the repose of society. *Horne v. Edwards*, 215 N.C. 622, 3 S.E. 2d 1. "The law requires a lawsuit to be tried as a whole and not as fractions. Moreover, it contemplates the entry of a single judgment which will completely and finally determine all the rights of the parties." *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d 384. "A party should be required to present his whole cause of action at one time in the forum in which the litigation has been duly constituted." *Jenkins v. Jenkins*, 225 N.C. 681, 36 S.E. 2d 233; *Jefferson v. Sales Corp.*, 220 N.C. 76, 16 S.E. 2d 462. "Appellate procedure is designed to eliminate the unnecessary delay and expense of re-repeated fragmentary appeals, and to present the whole case for determination in a single appeal from a final judgment." *Raleigh v. Edwards*, 234 N.C. 528, 67 S.E. 2d 669.

The judgment here involved shows the court passed on only one of

the issues and leaves others to be determined at another time or "in a subsequent action brought by the plaintiff in the event such action becomes necessary."

The court, in the judgment, "concludes that the doctrine of election is not applicable in this case." The court makes no findings of fact upon which the question of election may be determined. It appears from the will that the testator had acquired considerable property. By admission of the parties he devised four separate parcels with improvements to his wife, Lottie M. Koutro, in fee. He devised two parcels of land to his son, Agamemnon Koutro. He devised one lot and improvements to his granddaughter, the plaintiff. All the foregoing he owned in fee. Another lot and improvements he devised to the plaintiff in fee. Still another lot with improvements he devised to the defendant, his wife, for life with remainder to the plaintiff. The two properties last described were held by the testator and his wife as tenants by the entireties. We know nothing of the value of the four tracts the testator devised to his wife. We know nothing of the value of the properties she acquired by survivorship. These unfound facts would be important on the question of election. The court should find what the defendant administratrix C.T.A. has done in carrying out the provisions of the will, and especially what she, as devisee, has done with respect to the properties devised to her in fee. The question whether Lottie M. Koutro was put to an election is controlled by the intent of the testator. This intent must be gathered from the will, but the value of the properties conveyed at the time the will was made are attendant circumstances which well may be material on the question of intent. *Trust Co. v. Wolfe*, 245 N.C. 535, 96 S.E. 2d 690. The court, in the judgment, does not attempt to determine the testator's intent, but holds that the doctrine of election is not applicable.

For the reasons here indicated, the judgment of the superior court is set aside and the case is remanded to the Superior Court of Gaston County for another hearing.

Reversed and Remanded.

PARKER, J., not sitting.