THE McLEAN TRUCKING COMPANY, A NORTH CAROLINA CORPORATION V. T. C. DOWLESS, INDIVIDUALLY, AND TRADING AND DOING BUSINESS AS T. C. DOWLESS TRANSFER.

(Filed 14 January, 1959.)

**1. Appeal and Error § 34—**

Except when necessary to present particular exceptions, the evidence should be set out in the record in narrative and not in question and answer form. Rule of Practice in the Supreme Court No. 19 (4).

**2. Trial § 36—**

Issues should be formulated so as to present separately the determinative issues of fact arising on the pleadings and evidence.

**3. Contracts § 5—**

Whether the stipulations upon a page appearing after the page containing the signatures of the parties is a part of the contract depends upon the intention of the parties, and is ordinarily a question of fact to be decided by the jury.

**4. Trial §§ 20, 36—**

Where defendant admits the execution of the contract but consistently denies that a page appearing after the page containing the signatures of the parties was a part of the agreement, an issue of fact is raised for the determination of the jury, and it is error for the court to answer such issue as a matter of law.

**5. Judgments § 17b: Trial § 36—**

The court may not, even with the consent of the parties, adjudicate a cause in part and leave one of the causes of action undisposed of, but should enter a single judgment completely and finally determining all of the rights of the parties arising on the pleadings and evidence.

APPEAL by defendant from *Johnston, J.,* February 10, 1958 Term FORSYTH Superior Court.

Civil action to recover $16,027.94 which the plaintiff alleged it was required to pay, and did pay (1) to the United States for cargo loss, and (2) to the dependents of Herbert Matheson, as provided in a certain uniform motor vehicle trip lease agreement, under the terms of which the defendant lessor furnished to the plaintiff lessee three motor trucks and drivers. The plaintiff alleged the lease contained a clause which required the lessor to indemnify the plaintiff for any loss or damage which it might be required to pay under (1) and (2) above, if caused by the negligence or incompetence of any driver furnished by the lessor to operate a leased vehicle. The plaintiff further alleged it was required to pay the sum of $7,893.65 to the United States for loss of and damage to cargo, for transfer and wrecker charges; and $8,134.29 to the dependents of Herbert Matheson as compensation for his death; that the loss proximately resulted from

the negligence and incompetence of Ed Shafton Barnes, "furnished by the defendant as the driver of one of the leased trucks."

The defendant denied negligence on the part of Barnes, denied the execution of any contract of indemnity as alleged by the plaintiff. He set up further defenses, among them (renumbered) (1) Matheson was contributorily negligent in following too close to the truck driven by Barnes; (2) that Section 22 was not a part of the contract of lease; (3) the contract of lease required the plaintiff, lessee, to carry insurance covering the losses now in suit; that the defendant paid the premium on the insurance by a reduction in the freight charges and that the plaintiff should look to the insurance company for its loss; (4) during the trip covered by the lease the plaintiff had exclusive control over both the drivers and the vehicles involved in the accident.

The plaintiff introduced the trip lease contract and other evidence bearing on the issues raised by the complaint, answer, and reply. The defendant also introduced evidence bearing on the issues. Both parties tendered issues and the court submitted those tendered by the plaintiff, as follows:

"1. Did the death of Matheson, the injuries to Barnes, and the damage to the cargo result from the negligence, incompetence, or other fault of Barnes, the driver furnished by Dowless, as alleged in the Complaint?

"2. If so, did Dowless contract to indemnify McLean Trucking Company as set forth in the Complaint?

"3. If so, did the defendant breach his contract of indemnity to the plaintiff as set forth in the complaint?

"4. How much is the plaintiff entitled to recover of the defendant?"

After the court's charge, the jury returned to the courtroom and the following took place:

"Juror: If your Honor please, the jury feels . . .

"Court: No, I don't want you to express any feeling that the jury has about it.

"Juror: I will phrase it this way: The jury would like to know if Issue (1) does not consist of more than one issue, or should it answer it as one?

"Court: . . . gentlemen, you will answer the first issue Yes or No under the instructions the court has given you."

After further deliberation the jury answered the first issue, Yes, and the second issue, No. Further proceedings are fully explained by the court's judgment:

"THIS CAUSE COMING ON TO BE HEARD, and being heard before the Honorable Walter E. Johnston, Jr., Judge Presiding over

the February 10, 1958, Civil Term, Superior Court of Forsyth County, upon motion by the plaintiff for judgment with respect to a portion of the relief sought in the complaint, said motion being made in open court in term-time;

"And the Court having considered said motion after hearing arguments of counsel for both the plaintiff and the defendant in open court;

"And it appearing to the Court that this cause was heard before the undersigned Judge Presiding and a jury at this February 10, 1958, Civil Term of Superior Court;

"And it further appearing to the Court that the jury answered in the affirmative the first issue submitted to them as follows:

"1. Did the death of Matheson, the injuries to Barnes, and the damage to the cargo result from the negligence, incompetence, or other fault of Barnes, the driver furnished by Dowless, as alleged in the Complaint?

Answer: YES;

"And further appearing to the Court that the answer to the second issue submitted to the jury has been set aside by the Court in its discretion upon motion of the plaintiff, and it further appearing to the Court that the answer of the jury to Issue No. 1 has been allowed to stand by order of the Court; and the Court now being of opinion that Issue No. 1 is the only issue arising under the pleadings and evidence;

"And it further appearing to the Court that the contracts alleged in paragraph 3 of the Complaint, particularly the contract pertaining to the truck driven by Ed Shafton Barnes, were executed by the defendant and the execution thereof is admitted by paragraph 1 of the Further Defense No. 6 of the Amendment to the defendant's Amended Answer;

"And it further appearing that paragraph 12 of the Complaint alleges that plaintiff has paid and is by law required to pay Workmen's Compensation benefits and medical payments to and on behalf of said Barnes and the dependents of Matheson the sum of $8,134.29, and that the defendant in paragraph 12 of his Amended Answer has admitted said allegations, and it further appearing that the allegations of paragraph 16 of the Complaint alleging that notice to the defendant that it had been damaged in such amount and that the defendant had refused to indemnify the plaintiff therefor are admitted by paragraph 16 of the Amended Answer;

"And it further appearing to the Court that the jury having answered Issue No. 1 as above set out in favor of the plaintiff and having found that the death of Matheson, the injury to Barnes,

and the damage to the cargo resulted from the negligence, incompe-
tence or other fault of Barnes, the driver furnished by Dowless;

"And it further appearing to the Court that by reason of the find-
ing of the jury with respect to said issue and further by reason of
the setting aside of the answer to Issue No. 2 in the discretion of
the Court that the plaintiff is entitled to a judgment to the extent
of $8,134.29, which amount is admitted by the defendant in its
Amended Answer;

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND
DECREED that the motion of the plaintiff that it have and recover
of the defendant judgment in the sum of $8,134.29 is allowed, and
the plaintiff shall therefore have and recover of the defendant the
sum of $8,134.29, together with the costs of this action.

"This the 28th day of February, 1958."

The defendant excepted to the judgment and appealed.

*Deal, Hutchins and Minor, By: Roy L. Deal,*
*Womble, Carlyle, Sandridge and Rice, By: I. E. Carlyle, for de-*
*fendant, appellant.*

*Spry, White and Hamrick, By: Claude M. Hamrick for plaintiff,*
*appellee.*

HIGGINS, J.     Motions to amend the pleadings to make the same
more definite, and to strike, and orders thereon have been heard on
repeated occasions and by three different judges of the superior court.
While the matters actually in dispute do not appear too complicated,
yet the pleadings have been added to and taken from to such extent
a clear understanding of them can be gained only by painstaking
study and analysis. Since the case must go back for another hearing,
it is suggested the parties recast their pleadings in the interest of
clarity and to the end the trial court and jury may understand what
matters are actually involved in the case. The Court calls attention,
also, to the fact that 50 pages of the record are taken up by the evi-
dence in question and answer form in violation of Rule 19(4), Rules
of Practice in the Supreme Court, 221 N.C. 552.

The jury had trouble with the first issue and asked if it might
not be answered in two parts, to which the court replied it should be
answered yes or no. The defendant had set up contributory negligence
on the part of the driver Matheson as a defense to the claim for dam-
ages to the cargo of the truck driven by him. Whether Barnes was
the employee of the plaintiff or of the defendant was raised by the
pleadings. Three appropriate issues raising these questions were ten-
dered by the defendant. The court refused to submit them and in-

stead submitted issue No. 1. The jury's trouble in answering it would have been obviated by the submission of the separate issues tendered by the defendant.

The jury refused to follow the court's peremptory instruction to answer the second issue yes, and answered it no. The pleadings and the evidence raised the issue whether paragraph 22 was intended by the parties as a part of the trip lease agreement. The agreement was drawn by counsel for the plaintiff. The signatures of the parties executing it appear on page 3. Section 22, under which the plaintiff claims the right of indemnity, appears on page 4. Between the signatures on page 3 and the indemnity clause on page 4, there appear receipts for equipment to be signed by the plaintiff only, both of which are on page 3. At the beginning of page 4 are blanks for information with respect to the driver and the helper, including a certificate of a doctor as to their physical condition. The lease was comparatively new, supplanting one of a single page. The pleadings and the evidence raise the question whether the defendant is bound by paragraph 22 which appears on another page of the lease below and beyond the formal execution signatures. The issue should be decided on the basis of the intention of the parties.

That the court had a mistaken view of the issues discussed above is shown by the following from the judgment: "And it appearing to the Court that the contracts alleged in paragraph 3 of the Complaint, particularly the contract pertaining to the truck driven by Ed Shafton Barnes, were executed by the defendant and the execution thereof is admitted by paragraph 1 of the Further Defense No. 6 of the Amendment to the defendant's Amended Answer."

Paragraph 3 of the complaint alleged the execution of the lease (by reference made a part of the paragraph). The amended answer to paragraph 3 contains the following: "The defendant admits signing the first three pages of the lease agreement. . . . The defendant denies, however, that page 4 (on which indemnity provision No. 22 appears) constituted a part of the contract of lease."

The first paragraph of the defendant's further defense No. 6 contains the following: "The defendant admits signing the first three pages of the written lease agreement, a copy of which is attached to the complaint. The defendant denies, however, that page 4 constituted a part of the contract of lease . . ."

It may be noted that nowhere in the record does the defendant admit the execution of any part of the lease agreement below and beyond the signatures on page 3. He specifically denies in the answer, in the amended answer, and in further defense No. 6 that Section 22, under which the plaintiff claims the right to recover, was a part of

the contract. The evidence offered by the parties required the submission of the issue to the jury. The court committed error in attempting to answer it as a matter of law.

Also raised by the pleadings is the question whether paragraph 12 of the lease places responsibility for loss upon the plaintiff by its own terms, or, if not, whether defendant paid for the insurance contemplated by the paragraph as he alleges; and, if so, whether by so doing he is relieved of responsibility for the loss.

A question of law may also arise whether there is a conflict between paragraph 12 and paragraph 22 of the lease if it be found that paragraph 22 is a part thereof. That question of law was not passed on by the superior court, but should be before it can be heard here.

Nothing in this opinion is intended to vary or change the holding of this Court in the well considered case of *Newsome v. Surratt*, 237 N.C. 297, 74 S.E. 2d 732. There the facts were stipulated. The court entered the judgment based on them. Here the facts are in dispute. The court cannot enter judgment until the facts are determined.

The plaintiff sued for $16,027.94, made up of two items: One for $8,134.29 paid to the dependents of Matheson on account of his death; the other for $7,893.65 paid to the United States for loss of cargo, and wrecker and transportation charges. The judgment was upon motion by plaintiff for judgment with respect to a part of the relief sought. That is, recovery of the amount paid to the dependents of Matheson only. That part of the claim paid to the United States for loss of cargo is left undetermined. Apparently the trial judge, upon the plaintiff's motion, attempted to do what this Court has said many times cannot be done—settle a case piecemeal—adjudicate in part and withhold in part. "Can the court, by consent, enter a fragmentary judgment settling a part of the case and leave part of the issues to be settled at a later date or in another action? A judgment is conclusive as to all issues raised by the pleadings. When issues are presented it is the duty of the court to dispose of them. Parties, even by agreement, cannot try issues piecemeal. The courts and the public are interested in the finality of litigation. . . . *Horne v. Edwards*, 215 N.C. 622, 3 S.E. 2d 1. 'The law requires a lawsuit to be tried as a whole and not as fractions. Moreover, it contemplates the entry of a single judgment which will completely and finally determine all the rights of the parties.' *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d 384. . . . 'Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from a final judgment.' " *Hicks v. Koutro*, 249 N.C. 61, 105 S.E. 2d 196.

This Court does not undertake to fix with finality the issues to be

submitted on the new trial. They can only be determined after the evidence is in. The Court has discussed a number of them for the purpose of pointing out the errors in the trial below. To the end that disputed issues of fact raised by the pleadings and supported by evidence may be resolved by the jury, the judgment of the superior court is set aside and the case remanded to the Superior Court of Forsyth County for a

New Trial.