STATE HIGHWAY COMMISSION, Plaintiff v. C.W. CAPE and wife, CREOLA CAPE; NANCY VIRGINIA CAPE GREEN and husband, T.F. GREEN, Defendants

No. 8030SC138

(Filed 7 October 1980)

Eminent Domain § 14— two tracts of land — no unity of ownership— apportionment required in judgment

Where the trial court consolidates two condemnation actions concerning distinct tracts of land, and there is no unity of ownership, the judgment awarding damages and compensation for a taking must apportion the sum between the two distinct tracts.

Appeal by defendant, C.W. Cape, from *Friday, Judge*. Judgment entered 7 September 1979 in Superior Court, Graham County. Heard in the Court of Appeals in Waynesville on 27 August 1980.

The State Highway Commission (State), instituted a condemnation action (72CVS4) on 7 February 1972 seeking a trial by jury to determine the issue of just compensation for a piece of property allegedly owned by the defendants C.W. Cape and Nancy Cape Green as tenants-in-common. The purpose of the condemnation was to facilitate the widening of SR 1211 in Graham County. The strip of property which was taken by the State was divided by Talulah Creek. In his answer, defendant Cape alleged that the piece of condemned property west of Talulah Creek was in fact owned by him alone and that his sister, Nancy C. Green, had no interest therein. He admitted that he and his sister jointly owned a portion of land east of Talulah Creek. Defendant Cape prayed that the action be severed into two separate lawsuits because of the lack of unity of ownership.

Thereafter the State initiated a separate condemnation action against defendant Cape alone with respect to the portion of the real property west of Talulah Creek (73CVS59). On 15 March 1979, an order was consented to in 72CVS4 only, whereby the defendant landowners waived their right to further interest on any damages awarded at trial.

The cases were consolidated for trial. Prior to the taking of testimony the trial judge denied a motion by the defendants to sever the two cases.

The State presented the testimony of two real estate appraisers who testified to the location and extent of property taken in the two cases. Both appraisers testified to the total value of the two tracts before the taking and the total value of the two tracts after the taking. The appraisers estimated the total damages of between $2,000 and $2,200.

The defendants testified to the total damages as well as the before and after value of each tract separately. Their estimates totaled between $598,000 and $746,000.

A single issue was submitted to the jury:

"What sum are the defendants, C.W. Cape and wife, Creola Cape; Nancy Virginia Cape Green, entitled to recover as just compensation for the appropriation of a portion of their property for highway purposes on the 7th day of February, 1972?

---

Highway Comm. v. Cape

---

ANSWER: $11,400.00."

The trial judge ordered that $12,605 be deposited in the court and "be disbursed to the defendants, as their interests may appear . . . ." He denied defendants interest not only in 72CVS4, but also in 73CVS59, in which the accrual of interest had not been stayed.

*Attorney General Edmisten by Senior Deputy Attorney General R. Bruce White, Jr. and Assistant Attorney General Guy A. Hamlin for the State.*

*Snyder, Leonard, Biggers & Dodd by Keith S. Snyder, William T. Biggers and Gary Dodd for defendant appellant.*

CLARK, Judge.

The defendant asserts that the trial court erred in treating the consolidated cases as one case and the two separate tracts as one tract of land. We agree.

It was error for the trial judge to sign and enter the judgment when the issue of just compensation due for each of the tracts had not been finally adjudicated and determined. Our Supreme Court comments:

> "'Can the court, by consent, enter a fragmentary judgment settling a part of the case and leave part of the issues to be settled at a later date or in another action? A judgment is conclusive as to all issues raised by the pleadings. When issues are presented it is the duty of the court to dispose of them. Parties, even by agreement, cannot try issues piecemeal. The courts and the public are interested in the finality of litigation. . . . *Horne v. Edwards*, 215 N.C. 622, 3 S.E. 2d 1. "The law requires a lawsuit to be tried as a whole and not as fractions. Moreover, it contemplates the entry of a single judgment which will completely and finally determine all the rights of the parties." *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d 384. . . . "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from a final judgment."' *Hicks v. Koutro*, 249 N.C. 61, 105 S.E. 2d 196."

*McLean Trucking Co. v. Dowless*, 249 N.C. 346, 351, 106 S.E. 2d 510, 514 (1959).

The judgment rendered does not finally adjudicate the compensation due in each of the cases. The judgment provides that the sum awarded the defendants should be disbursed to the defendants "as their interests may appear," yet the respective interests of Cape and Green are not identical in 73CVS59 and 72CVS4. While determination of these respective interests is possible, there must be some specific *res* to which the interests can be applied. From the judgment it is absolutely impossible to determine how much of the $11,400 is assignable solely to Cape as compensation for the State's taking of the tract on the west side of Talulah Creek, which he owned individually, and how much of the compensation must be shared by Cape with Green as tenants-in-common in the tract east of the creek. A judgment which is uncertain and incapable of execution will not stand. *Barham v. Perry,* 205 N.C. 428, 171 S.E. 614 (1933).

The State cites G.S. 136-117 as support for its position that the judge could order the total compensation paid into court, "retain[ing] said cause for determination of who is entitled to said moneys ... ." That statute is directed at "adverse and conflicting claims" to a *specific sum.* The specific sum to which this statute would apply in the case *sub judice* could only be the amount allocable to the tract in 72CVS4, since it is undisputed that Cape had sole ownership of the tract at issue in 73CVS59; yet no specific sum allocable to 72CVS4 was determined. Moreover, G.S. 136-117 applies only to "adverse and conflicting claims," yet the rights of one tenant-in-common are not adverse to, nor do they conflict with, the rights of another tenant-in-common.

We hold that where the trial court consolidates two cases concerning distinct tracts of land, and there is no unity of ownership, the judgment awarding damages and compensation for a taking must apportion the sum between the two distinct tracts. We note that had this been done, it would be possible to pay out the compensation for the tract taken in 73CVS59 to Cape "and then to apportion [the value of property taken in 72CVS4] among the several owners according to their respective interests or estates ... ." *Barnes v. Highway Commission,* 257 N.C. 507, 520, 126 S.E. 2d 732, 742 (1962). From the foregoing discussion it follows *a fortiori* that any treatment of the two tracts as a single unit was error. The trial court should have

required the two experts to testify not to the total value of the two tracts as a unit, but to the value of each individual tract. The trial court should have instructed the jury to consider the two tracts as distinct and under separate ownership. The trial court should have submitted two separate issues to the jury concerning the respective values of each of the distinct tracts.

Since there was no unity of ownership in the two distinct tracts of land, the total sum awarded by the jury cannot be determined and apportioned by the court. The owner or owners of each tract must be justly compensated for the taking by the jury. Thus, since we cannot remand for apportionment of the total sum awarded by the jury among the owners, we order a new trial or trials on the issue of just compensation for each tract taken by the State.

Reversed and Remanded.

Judges MARTIN (Harry C.) and HILL concur.