2131

Bizhan SARVGHAD, Respondent v. SITTON BUICK CO., INC., Appellant. Bizhan SARVGHAD, as Guardian of David E. Sarvghad, a minor under the age of fourteen (14) years, Respondent v. SITTON BUICK CO., INC., Appellant.

(440 S.E. (2d) 894)

Court of Appeals

*Ruskin C. Foster* and *Glenn V. Ohanesian, McKay, McKay, Henry & Foster*, Columbia, *for appellant.*

*Robert C. Wilson, Jr.*, Greenville, *for respondent.*

Heard Jan. 11, 1994.

Decided Feb. 7, 1994. Reh. Den. Mar. 16, 1994.

GOOLSBY, Judge:

In separate actions for negligence, Bizhan Sarvghad for himself and as guardian ad litem for his infant son, David E. Sarvghad, sought to recover from Sitton Buick Co., Inc., damages allegedly sustained by them when their motor vehicle collided with an automobile driven by a Sitton Buick employee. The actions were consolidated and tried before a jury. The jury returned a single verdict for $26,200. Sitton Buick appeals. The dispositive issue centers on the verdict form submitted by the trial judge to the jury. We reverse and remand for a new trial.

At trial, Sitton Buick admitted liability in both actions and ultimately conceded responsibility in the son's action for the medical bill sent by a physician who had examined the son after the accident. Sitton Buick contested, however, the damages claimed by Mr. Sarvghad in his own action.

Sitton Buick objected to the submission by the trial judge of a single verdict form to the jury. It suggested there should be "two captions" and "two verdict forms." The verdict form given to the jury by the trial judge contained the caption in Mr. Sarvghad's own case but not the one in his son's case.

The jury, using the form supplied by the trial judge, returned a general verdict "for the plaintiff" in the amount of $26,200 actual damages.

We agree with Sitton Buick. The trial judge committed reversible error in not submitting separate verdict forms to the jury in these consolidated actions. The actions, despite their consolidation, retained their separate identities. *Keels v. Pierce*, — S.C. —, 433 S.E. (2d) 902 (Ct. App. 1993); *see also* note to Rule 42(a), SCRCP ("The parties and pleadings are not merged, and each action retains its own identity. . . ."). Sitton Buick was clearly prejudiced since there was no way for it to determine the amount of damages awarded by the jury in each case so as to be able to question whether the amount awarded in each case, particularly the son's, was excessive. *See State Highway Comm'n. v. Cape*, 49 N.C. App. 137, 270 S.E. (2d) 555 (1980) (where the trial court consolidated cases concerning two distinct tracts of land, with no unity of ownership, the court should have submitted two separate issues to the jury to allow the verdict to be apportioned among the owners according to their respective interests).

We do not reach the other questions that Sitton Buick raises on appeal.

Reversed and remanded.

BELL and CONNOR, JJ., concur.