IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-342

No. COA19-973

Filed 20 July 2021

Halifax County, Nos. 18 CVD 1024-26

DEBRA FAIRLEY, pro se, Plaintiff,

v.

ANAND PATEL, REGISTERED AGENT FOR SHREE BHAVANI, LLC DBA DAYS INN HOTEL, WELDON, NC, Defendant.

_____

JANE DORSEY, pro se, Plaintiff,

v.

ANAND PATEL, REGISTERED AGENT FOR SHREE BHAVANI, LLC DBA DAYS INN HOTEL, WELDON, NC, Defendant.

_____

PRICILLA BROWN, pro se, Plaintiff,

v.

ANAND PATEL, REGISTERED AGENT FOR SHREE BHAVANI, LLC DBA DAYS INN HOTEL, WELDON, NC, Defendant.

Appeal by defendant from orders entered 24 June 2019 by Judge Teresa R. Freeman in District Court, Halifax County. Heard in the Court of Appeals 17 March 2020.

*Jane Dorsey, pro se, Debra Fairley, pro se, and Pricilla Brown, pro se, for plaintiff-appellees.*

*Young, Moore, and Henderson, P.A., by Robert C. deRosset and Matthew C. Burke, for defendant-appellant.*

STROUD, Chief Judge.

¶ 1     Anand Patel, registered agent for Shree Bhavani, LLC d/b/a/ Days Inn Hotel ("defendant"), appeals from orders denying its motions for summary judgment for Pricilla Brown, Jane Dorsey, and Debra Fairley (collectively, "plaintiffs"). Defendant contends that *res judicata* barred plaintiffs' second attempt to recover punitive damages. Because we hold that *res judicata* barred plaintiffs' claims, we reverse the trial court's orders.

## I.     Background

¶ 2     On 1 October 2018, each plaintiff filed a "complaint for money owed" against defendant in Halifax County Small Claims Court (the "small claims actions"). Alleging they had sustained bed bug bites during an overnight stay at the Days Inn Hotel in Weldon, plaintiffs each sought $5,000.00 in damages. The damages alleged were "medical costs, legal costs[,] and punitive damages for pain and suffering." Although defendant was served with the small claims complaints, it did not appear at the 29 October 2018 hearing before Magistrate Guy Knapp (the "magistrate" or "Magistrate Knapp"). On the day of the hearing, Magistrate Knapp entered

judgments in favor of each plaintiff and taxed defendant with the costs of each action. Specifically, plaintiff Brown was awarded $101.58 for "medical copay" and "room rate," plaintiff Dorsey was awarded $62.40 for "medical copay," and plaintiff Fairley was awarded $5.00 for "medicine." Neither plaintiffs nor defendant appealed the magistrate's judgments to district court.

¶ 3        On 1 and 2 November 2018, each plaintiff filed a "complaint for punitive damages" in Halifax County District Court (the "district court actions"). Alleging that defendant was "guilty of premises liability," each plaintiff sought between $8,000.00 and $10,000.00 in punitive damages for pain and suffering. On 4 and 7 January 2019, defendant filed motions to dismiss plaintiffs' complaints under Rule 12(b)(6) alleging, *inter alia*, each plaintiff had "already obtained a judgment against the real party in interest for the same injuries she alleges in this action, and her claims are barred by the doctrine of *res judicata*." Plaintiffs and defendant attended both hearings on defendant's motions to dismiss.

¶ 4        At the 25 February 2019 hearing, defendant's counsel argued that the district court actions were barred by *res judicata*. The trial court stated that *res judicata* only barred the district court actions if Magistrate Knapp "ruled upon" plaintiffs' punitive damages claims in the small claims actions. The trial court continued the hearing so plaintiffs could subpoena Magistrate Knapp.

¶ 5        At the 25 April 2019 hearing, Magistrate Knapp testified that he ruled on the

evidence plaintiffs presented at the small claims hearing but stated he "was not comfortable with awarding punitive damages in that case at that time." According to Magistrate Knapp, when he heard the small claim actions, he was new in his position and was not trained to award punitive damages. Magistrate Knapp testified that he explained to plaintiffs "[i]f they, in any fashion, weren't satisfied with the judgment in the Magistrate's court, they ha[d] the right to appeal to a District Court Judge."

¶ 6 After Magistrate Knapp's testimony, the trial court explained that, because the small claims judgments were "completely silent as to the issue of punitive damages," they corroborated Magistrate Knapp's "credible testimony . . . that he did not hear that issue." Defendant's counsel acknowledged that the motions to dismiss were actually motions for summary judgment.

¶ 7 On 24 June 2019, the trial court entered written orders denying defendant's motions for summary judgment because each plaintiff "was not afforded ample opportunity to litigate her punitive damages claim in Magistrate's Court." Defendant filed notice of appeal on 22 July 2019.

## II. Jurisdiction

¶ 8 "An order denying of a motion for summary judgment is an interlocutory order because it leaves the matter for further action by the trial court." *Brown v. Thompson*, 264 N.C. App. 137, 138, 825 S.E.2d 271, 272 (2019) (citation omitted). As a matter of course, this Court does not review interlocutory orders. *McCallum v. N.C.*

*Co-op. Extension Serv.*, 142 N.C. App. 48, 50, 542 S.E.2d 227, 230 (2001). Although interlocutory, "the denial of a motion for summary judgment based on the defense of *res judicata* may affect a substantial right, making the order immediately appealable." *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993) (citations omitted). The Supreme Court has explained:

> [A] motion for summary judgment based on *res judicata* is directed at preventing the possibility that a successful defendant, or one in privity with that defendant, will twice have to defend against the same claim by the same plaintiff, or one in privity with that plaintiff. Denial of the motion could lead to a second trial in frustration of the underlying principles of the doctrine of *res judicata.*

*Id.* at 491, 428 S.E.2d at 161. This case presents just such a scenario. As a result, defendant's appeal is properly before this Court.

### III.    Res Judicata

¶ 9        Defendant argues the trial court erred in denying its motions for summary judgment because plaintiffs' claims for punitive damages were barred by *res judicata.* Plaintiffs contend *res judicata* did not bar their district court actions because they "were not afforded their right to have a fair and full opportunity to litigate the claim of punitive damages in small-claims court against the defendant[.]" Therefore, we must determine whether *res judicata* bars an action in district court when the same claim was previously pled and adjudicated in a small claims action, but the small claims judgment did not award punitive damages.

¶ 10     Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A–1, Rule 56(c) (2019). "An appeal from an order granting summary judgment solely raises issues of whether on the face of the record there is any genuine issue of material fact, and whether the prevailing party is entitled to judgment as a matter of law." *Carcano v. JBSS, LLC*, 200 N.C. App. 162, 166, 684 S.E.2d 41, 46 (2009). "We review a trial court's order granting or denying summary judgment *de novo*." *Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (citation omitted).

¶ 11     "Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citation omitted). "For *res judicata* to apply, a party must 'show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both the party asserting *res judicata* and the party against whom *res judicata* is asserted were either parties or stand in privity with parties.'" *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 413–14, 474 S.E.2d 127, 128 (1996) (citation and brackets omitted). Once the final judgment is entered, "all matters, either fact or law, that were or *should have been adjudicated*

in the prior action are deemed concluded." *Thomas M. McInnis & Assocs. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986) (emphasis added) (citation omitted).

¶ 12          Here, there is no dispute that the small claims actions and the district court actions involve the same dates, facts, injuries, causes of action, and parties. Therefore, we must determine whether the small claims actions resulted in final judgments on the merits as to plaintiffs' claims for punitive damages. The North Carolina Supreme Court held that "[a] judgment is conclusive as to all issues raised by the pleadings." *Hicks v. Koutro*, 249 N.C. 61, 64, 105 S.E.2d 196, 199 (1958). Plaintiffs' small claims complaints sought "medical costs, legal costs[,] and punitive damages for pain and suffering." Each respective small claims judgment stated, "[t]his action was tried before the undersigned *on the cause stated in the complaint*." (Emphasis added.) It is well established as to judgments or orders entered in district court or superior court that the written judgment establishes the ruling of the court, and the same is true for small claims court. *See* N.C. Gen. Stat. § 1A-1, Rule 58 (2019) ("A judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court."); *see* N.C. Gen. Stat. § 7A-224 (2019) ("Judgment in a small claim action is rendered in writing and signed by the magistrate. The judgment so rendered is a judgment of the district court, and is recorded and indexed as are judgments of the district and superior court generally. Entry is made as soon as practicable after rendition.); *see generally In re O.D.S.*, 247 N.C. App. 711, 718, 786

S.E.2d 410, 415 (2016). We cannot discern why there would be any need to require a judicial officer to testify regarding his thought process in making a decision where the small claims judgments were properly written, signed, and filed in accord with North Carolina General Statute § 7A-224. Regardless of what the judicial officer may have thought or intended, the written, signed, and filed judgment remains the final and controlling judgment of the court unless it is appealed.

¶ 13        Whatever the reason the small claims judgments did not address punitive damages—and defendant argues many potential reasons—the small claims judgments did not include punitive damages but only the actual damages shown by plaintiffs, and plaintiffs did not exercise their right to appeal the judgments to district court for trial de novo. *See* N.C. Gen. Stat. § 7A-229 (2019) ("Upon appeal noted, the clerk of superior court places the action upon the civil issue docket of the district court division. The district judge before whom the action is tried may order repleading or further pleading by some or all of the parties; may try the action on stipulation as to the issue; or may try it on the pleadings as filed."); *see* N.C. Gen. Stat. § 7A-230 (2019) ("The appellant in his written notice of appeal may demand a jury on the trial de novo. Within 10 days after receipt of the notice of appeal stating that the costs of the appeal have been paid, any appellee by written notice served on all parties and on the clerk of superior court may demand a jury on the trial de novo.").

¶ 14        Even if the magistrate erred by not considering the punitive damage allegations,

> [t]o be valid a judgment need not be free from error. Normally no matter how erroneous a final valid judgment may be on either the facts or the law, it has binding *res judicata* and collateral estoppel effect in all courts, Federal and State, on the parties and their privies.

*King v. Grindstaff*, 284 N.C. 348, 360, 200 S.E.2d 799, 808 (1973) (citation omitted). If plaintiffs were dissatisfied with the amount of the judgments in small claims court, they had a right of appeal to district court to have a trial de novo. N.C. Gen. Stat. § 7A-230. The small claims judgments were final judgments as to the claims stated by the plaintiffs and they had *res judicata* effect as to all matters plaintiffs pled, as well as all matters that "should have been adjudicated in the prior action[.]" *McInnis,* 318 N.C. at 428, 349 S.E.2d at 556.

¶ 15        Section 7A-228 (a) of the North Carolina General Statutes provides that "the sole remedy for an aggrieved party [after final disposition before the magistrate] is appeal for trial de novo before a district court judge or a jury." N.C. Gen. Stat. § 7A-228(a) (2019). "A judgment from which no appeal is taken, however erroneous, is *res judicata.*" *In re Atkinson-Clark Canal Co.*, 234 N.C. 374, 378, 67 S.E.2d 276, 278 (1951). Plaintiffs sought punitive damages through new district court actions instead of availing themselves to the "sole remedy"– appeal from the small claims judgments for trials de novo. The small claims judgments, from which no appeals were taken,

remained binding and barred plaintiffs from litigating the same claims. *Worthington v. Wooten*, 242 N.C. 88, 92, 86 S.E.2d 767, 770 (1955) ("The judgment of [the trial court] (affirming on appeal the judgment of the clerk) from which no appeal was taken was conclusive and binding as to all matters therein decided and also as to all matters which could properly have been determined in that action." (citation omitted)). Thus, defendant met its burden on summary judgment of showing that plaintiffs obtained final judgments on their small claims actions, so their new claims were barred by *res judicata.*

## IV. Conclusion

¶ 16 *Res judicata* barred plaintiffs' district court actions because plaintiffs' small claim actions sought punitive damages and resulted in final judgments. As a result, the trial court erred in denying defendant's motions for summary judgment.

REVERSED.

Judges DIETZ and HAMPSON concur.