IN THE MATTER OF ATKINSON-CLARK CANAL COMPANY, SPECIAL PROCEEDING NO. 802.

(Filed 31 October, 1951.)

**1. Judgments § 33e—**

A judgment of the clerk of the Superior Court in a special proceeding in which such clerk has jurisdiction is *res judicata* as to the matters presented by the allegations of the petition in the absence of appeal, and failure to perfect an appeal has the same effect as if no appeal had been attempted.

**2. Drainage Districts § 15—**

A drainage corporation petitioned the clerk to pass upon and approve its acts in making improvements and to declare the assessments levied to be judgments *in rem* against the lands drained. The clerk entered judgment refusing to approve the certificate of assessment. Appeal therefrom was dismissed in the Superior Court on the ground that the appeal had not been perfected in accordance with statutory requirements. Appeal from judgment of dismissal was not perfected. *Held:* The clerk's judgment is *res judicata*, and bars a subsequent petition by the corporation upon substantially identical allegations.

APPEAL by petitioner from *Grady, Emergency J.,* February Term, 1951, of PITT.

The validity of the assessments involved herein were challenged by one of the present respondents, Estelle Harris Bunting, in *In the Matter of Atkinson-Clark Canal Company,* Special Proceeding No. 471, which was before this Court at the Fall Term, 1949, the opinion of the Court being reported in 231 N.C. 131, 56 S.E. 2d 442.

The assessments at that time were purported to have been made pursuant to the statute now codified as G.S. 156-42, and that the Atkinson-Clark Canal Company was duly organized as a corporation as set forth in Special Proceeding No. 471, filed in Pitt County, North Carolina, 18 January, 1886. The record disclosed, however, that the Canal Company was not created or intended to be created in that proceeding.

It now appears from the present record that the petitioner herein was created as a drainage corporation in Special Proceeding No. 802, instituted in the Superior Court of Pitt County, North Carolina, 8 February, 1894. Thereafter, an assessment of 85c an acre was made on the lands in the district. In 1926 an assessment of $10.00 per acre was made, and in 1929 an assessment of $32.06 per acre.

It is alleged in the petition to the Clerk of the Superior Court of Pitt County, dated 9 January, 1950, and filed 16 January, 1950, that the owners of land and stockholders in Atkinson-Clark Canal Company met on 5 April, 1946, a majority being present; that the meeting was held for the purpose of considering the advisability of cleaning out the canal, or canals, owned by the drainage corporation; that a majority of the stockholders signed the petition attached thereto (the petition referred to is not shown in the record), requesting that the directors proceed to clean the canal and do what work was necessary to cause the canal to be put in an efficient, operating condition, and that J. H. Blount, G. V. Smith and A. J. Harris were duly elected directors of the corporation.

It further appears from the petition that the board of directors undertook to follow the recommendations of the Soil Conservation Service of the United States in cleaning and repairing the canal and had the work done under its supervision.

It is alleged that an assessment was made for this work on 21 June, 1947, of $17.00 per acre on the land in the district, one for $10.00 per acre 16 February, 1948, and another for $10.00 per acre on 27 April, 1948, making a total of $37.00 per acre; that the total of these three assessments amounted to $13,246.04, and that all of this amount had been paid except the sum of $2,274.67, due by the respondents, Paul Nelson, Estelle Harris Bunting, W. J. McLawhorn and J. Sam Fleming.

The petition then states: "The Directors of the Atkinson-Clark Canal Company do hereby submit to the court the names of the stockholders and land owners who have not paid their assessments, together with the amounts due by them, and these assessments are hereby certified by the Directors as being true and correct, and as having been made in the same manner and upon a *pro rata* basis among the stockholders and land owners as have been the other assessments made by the Atkinson-Clark Canal Company. . . .

"Wherefore, the Directors of the Atkinson-Clark Canal Company do pray the court: That it pass upon and approve their acts as hereinbefore

set out and that it declare the assessments due by the stockholders as shown by the attached list to be judgments *in rem* against their lands."

On 28 February, 1950, the Clerk of the Superior Court of Pitt County, North Carolina, entered an order in which it is recited that after giving careful consideration to the petition and supporting evidence, the court being of the opinion the Certificate of Assessment ought not be approved, entered judgment as follows: "It is now, therefore, considered and ordered that the said Certificate of Assessment tendered as aforesaid under date of January 9, 1950, be, and the same hereby is not approved. Done at Greenville, North Carolina, this the 28th day of February, 1950."

The petitioner caused the following entry to be made 28 February, 1950: "To the above order the petitioner appeals to the Superior Court."

The cause was calendared for trial in Superior Court before his Honor, Walter J. Bone, Judge Presiding, at the May Term, 1950, of Pitt, and at the call of the calendar counsel for Estelle Harris Bunting, appellee, moved the court to dismiss the appeal on the ground that it had not been perfected in accordance with statutory requirements therefor. The motion was allowed and the court entered the following judgment: "It is now therefore considered, ordered and adjudged that the appeal of Atkinson-Clark Canal Company, from that certain order of D. T. House, Jr., C. S. C., entered herein on February 28, 1950, be and the same hereby is dismissed. Done in open court at Greenville, North Carolina, this 31st day of May, 1950."

The petitioner excepted to the judgment and gave notice of appeal to the Supreme Court, which appeal was never perfected.

Thereafter, on 20 June, 1950, the petitioner filed another petition with the Clerk of the Superior Court of Pitt County which in every essential particular is identical with the first petition filed on 16 January, 1950. A hearing was held by the Clerk of the Superior Court on the second petition and the Clerk being of the opinion, based upon the petition and evidence offered in support thereof, that the Certificate of Assessment ought not to be approved, entered an order on 2 February, 1951, to the effect that the same is not approved.

The petitioner again appealed to the Superior Court and when the cause came on for hearing, it was agreed that his Honor might hear the evidence, find the facts, and enter judgment, out of Term, and out of the County.

The court reviewed Special Proceeding No. 471, which was before this Court as set forth above, and held that proceeding had no relation to the present one.

His Honor then held that since there was no appeal from the judgment entered in the Superior Court by Bone, J., dismissing the appeal of the

petitioner from the judgment of the Clerk of the Superior Court, entered 28 February, 1950, the judgment of the Clerk of the Superior Court is *res judicata* and that the petitioner cannot now prosecute the same matter in the same court and dismissed the proceeding. The petitioner appeals, assigning error.

*William H. Watson and Frank M. Wooten, Jr., for appellant.*
*Sam B. Underwood, Jr., for appellees.*

DENNY, J., after stating the facts as above: The appellant contends that its petition to the Clerk of the Superior Court to have its assessments docketed as a lien upon the lands of the respective respondents was based on the law as set out in the first paragraph of G.S. 156-43, unaffected by the amendments thereto enacted by Chapter 180, Public Laws of 1939. Therefore, it argues and contends that there was nothing for the Clerk to pass upon, and that it was the duty of the Clerk to docket the assessments and if the respondents were dissatisfied therewith, they had the right to appeal and have the matter heard by a jury. This contention runs counter to the allegations of the petition and the prayer for relief contained therein.

It appears from the petition that the petitioner requested the Clerk of the Superior Court to pass upon and approve its acts and to declare the assessments due as shown on the Certificate of Assessment attached thereto. And it further appears from the record that the Clerk passed upon the petition as requested but declined to approve the assessments and entered judgment to that effect. Consequently, we deem it unnecessary to consider or discuss whether the procedure adopted by the petitioner was based on the law as amended in 1939, or that portion thereof which was in effect prior thereto, or both. For the question before us is not one on the merits of the cause, but on the single question as to whether the Clerk's judgment entered on 28 February, 1950, is *res judicata* as to the matters alleged in the petition. *Land Co. v. Guthrie,* 123 N.C. 185, 31 S.E. 601.

A judgment entered by a clerk of the Superior Court in a special proceeding in which such clerk has jurisdiction, will stand as a judgment of the court, if not excepted to and reversed or modified on appeal, as allowed by statute. *Brittain v. Mull,* 91 N.C. 498; *Gold v. Maxwell,* 172 N.C. 149, 90 S.E. 115; *Bank v. Leverette,* 187 N.C. 743, 123 S.E. 68. See, also, concurring opinion in *Wilson, Ex parte,* 222 N.C. at page 104, 22 S.E. 2d 262.

Conceding, but not deciding, that the Clerk's decision was erroneous, when the petitioner undertook to appeal therefrom and the appeal was dismissed in the Superior Court, and it gave notice of appeal to the

Supreme Court but did not perfect the appeal, the judgment of the Clerk of the Superior Court was as final and effective as if no appeal therefrom had been attempted. *Cameron v. McDonald,* 216 N.C. 712, 6 S.E. 2d 497; *Northcott v. Northcott,* 175 N.C. 148, 95 S.E. 104; *Moore v. Packer,* 174 N.C. 665, 94 S.E. 449; *Weeks v. McPhail,* 128 N.C. 130, 38 S.E. 472. A judgment from which no appeal is taken, however erroneous, is *res judicata. North Carolina R. R. v. Story,* 268 U.S. 288, 69 L. Ed. 959.

The judgment of the court below is
Affirmed.