L. F. WORTHINGTON v. FRANK M. WOOTEN, JR., AS COMMISSIONER, AND PITT COUNTY DRAINAGE DISTRICT NO. 8.

(Filed 13 April, 1955.)

**1. Judgments § 32—A judgment is an estoppel as to all matters therein decided or which could have been properly determined therein.**

Judgment by default final after due service of summons and complaint on the defendant was entered in an action to collect past-due drainage assessments and to enforce the lien therefor. Defendant thereafter filed motion to set aside the default judgment on the grounds of excusable neglect and also on the ground that the proceedings were void. The clerk's judgment denying the motion was affirmed by the Superior Court on appeal.

WORTHINGTON v. WOOTEN.

*Held:* The judgment of the Superior Court on appeal is conclusive and binding as to all matters therein decided and also as to all matters which could properly have been determined therein, and bars a subsequent action by the defendant therein to restrain the enforcement of the lien and to vacate the proceedings as invalid and a cloud on title.

**2. Judgments § 25—**

Where the court has jurisdiction over the person and the subject matter, the judgment is not void and is not subject to collateral attack, but is binding on the parties even if irregular or erroneous until set aside upon motion in the cause or reversed on appeal.

**3. Judgments § 35—**

Where all the facts sufficient to constitute estoppel by judgment are set out in the answer, it is a sufficient pleading of the estoppel.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Frizzelle, J.*, PITT Superior Court—in Chambers, 2 September, 1954.

This was a civil action instituted by the plaintiff to restrain the enforcement of a lien on his lands for unpaid drainage assessments, and to vacate the proceedings by which the assessments were levied as invalid and a cloud on plaintiff's title.

The material facts out of which this controversy arose, briefly stated, were these: The Pitt County Drainage District No. 8 was established in 1947. The original petition was filed 27 April, 1947, and docketed as Special Proceeding No. 4822. The proceedings incident to the organization of the Drainage District were had and recorded, and the final report of the viewers was filed, and adjudication confirming the report was entered 29 September, 1947. On 9 October, 1947, plaintiff Worthington was by order made party to the proceeding, and summons was duly issued and personally served on him. Thereafter notices of assessment were mailed to plaintiff but ignored. On 18 December, 1952, the Drainage District instituted action in the Superior Court against the plaintiff Worthington to collect past-due assessments and to enforce the lien therefor on plaintiff's 113 acres of land. Summons and complaint were duly served, and plaintiff Worthington filed no answer. On 27 January, 1953, judgment by default final was entered by the clerk. On 31 January, the plaintiff filed motion before the clerk, setting out the facts, and asking that the judgment be vacated, alleging excusable neglect and also that the proceedings were void. The clerk entered judgment denying the motion, finding no excusable neglect or meritorious defense and that the judgment was in all respects valid. On appeal to the Superior Court, Judge Godwin entered judgment affirming the judgment of the clerk, declaring the judgment in all respects regular,

and that plaintiff's failure to answer was not due to excusable neglect. The motion to vacate the judgment was denied. Plaintiff did not appeal. Instead, plaintiff instituted this action against the Drainage District and the commissioner appointed by the court to enforce the lien on his lands, alleging that the claim of the Drainage District was invalid and a cloud on his title, and he asked that sale of his land to pay drainage assessments be restrained.

There were no facts at issue, and it was agreed that Judge Frizzelle should hear the case on the pleadings and records in chambers.

Judge Frizzelle found facts and entered the following judgment:

"1. That in a suit regularly brought in the Superior Court of Pitt County by Pitt County Drainage District Number Eight v. L. F. Worthington, a judgment by default final was regularly entered and in all respects according to the course and practice of the courts, for the reason that the defendant Worthington had failed to file answer to said complaint, which was duly verified, within the time prescribed by law for filing of such answer.

"2. That after the rendition of said default judgment by the said H. L. Lewis, Jr., Assistant Clerk of the Superior Court of Pitt County, the said defendant, L. F. Worthington, moved before the Clerk that said default judgment be set aside and canceled, for that same was entered through the excusable neglect of the said defendant under Section 1-220 of the General Statutes of North Carolina and further upon the ground that judgment of H. L. Lewis, Jr., Assistant Clerk of the Superior Court, was absolutely void and a nullity, and upon said motion which was heard in due course, the Clerk of the Superior Court found no excusable neglect which would justify setting aside the said judgment and thereupon, after finding such facts, denied the defendant's motion.

"3. That thereafter the defendant, through his attorney, S. B. Underwood, Jr., gave notice of appeal from the ruling of the Clerk of (to) the Superior Court of Pitt County, in Term time.

"4. That thereafter on the 23rd day of February 1953, the said appeal from the ruling of said Clerk came on 'in regular course of procedure for hearing before Honorable Howard G. Godwin, Judge presiding at the said February 23, 1953 Term of said Pitt Superior Court, and after hearing the pleadings read, the contentions of the parties and such affidavits as were used by both parties to the proceedings, after due consideration, Godwin, Judge, held and concluded that there was no proper cause shown for setting aside said judgment; that said judgment was regularly signed by the Clerk and was valid in all respects.

"5. That from the judgment of Godwin, Judge, no appeal was taken.

"6. That thereafter, in an independent action, L. F. Worthington, as plaintiff, instituted a suit in the Superior Court of Pitt County in which he reiterated in substance all of the allegations contained in the motion filed before the Clerk and again alleging the invalidity of the said default judgment and upon the allegations of the complaint, a temporary restraining order was issued by the Honorable J. Paul Frizzelle, Judge, restraining the sale under execution, of the lands of the said Worthington until the further order of the Court. That this proceeding in which this judgment is entered was a proceeding between the same parties to the original suit and the Court finds and so holds that the judgment entered by Godwin, Judge, and above referred to and from which no appeal was taken, is final and conclusive and all matters and things alleged in this suit are *res judicata* as to all matters and things in controversy herein.

"IT IS Now, upon said findings of fact above set forth, ORDERED, ADJUDGED AND DECREED:

"1. That the judgment of H. L. Lewis, Jr., Assistant Clerk of the Superior Court, and the judgment on appeal entered by Godwin, J., are valid and conclusive as to the matters and things involved herein and that the restraining order heretofore issued in this cause be and the same is hereby dissolved, and Frank M. Wooten, Jr., the Commissioner appointed in said judgment of H. L. Lewis, Jr., as aforesaid, to sell the lands of L. F. Worthington in said Drainage District and upon which drainage assessments were levied, is authorized and directed to proceed as he may be advised to sell the said lands for the purpose of collecting said assessments."

The plaintiff excepted and appealed.

*Sam B. Underwood, Jr., for plaintiff, appellant.*
*Frank M. Wooten, Jr., for defendant, appellee.*

DEVIN, J.  From the pleadings and the records introduced in the trial, Judge Frizzelle concluded that the plaintiff was estopped further to prosecute this action. He held that the judgment heretofore rendered in a former action between the same parties involving the same subject matter was valid and conclusive as to the matters herein alleged as the basis of the present action. Judgment was rendered accordingly and in this we concur.

"Where a second action or proceeding is between the same parties as a first action or proceeding, the judgment in the former action or proceeding is conclusive in the latter not only as to all matters actually litigated and determined, but also as to all matters which could prop-

erly have been litigated and determined in the former action or proceeding. *Distributing Company v. Carraway*, 196 N.C. 58, 144 S.E. 535; *Moore v. Harkins*, 179 N.C. 167, 101 S.E. 564, rehearing denied in 179 N.C. 525, 103 S.E. 12; *Clothing Co. v. Hay*, 163 N.C. 495, 79 S.E. 955; *Tuttle v. Harrill*, 85 N.C. 456." *King v. Neese*, 233 N.C. 132, 63 S.E. 2d 123.

The judgment of Judge Godwin (affirming on appeal the judgment of the clerk) from which no appeal was taken was conclusive and binding as to all matters therein decided and also as to all matters which could properly have been determined in that action. *Gaither Corp. v. Skinner*, 241 N.C. 532; *In re Canal Co.*, 234 N.C. 374, 67 S.E. 2d 276; *Banks v. Lane*, 171 N.C. 505, 88 S.E. 754; 30 A.J. 914.

The Godwin judgment was not void (*Monroe v. Niven*, 221 N.C. 362, 20 S.E. 2d 311) and even if irregular or even erroneous was binding on the parties, unless set aside or reversed on appeal, *Collins v. Highway Comm.*, 237 N.C. 277, 74 S.E. 2d 709; *In re Canal Co., supra;* provided the court had jurisdiction of the person and the subject matter. *Clark v. Homes*, 189 N.C. 703, 128 S.E. 20; McIntosh N. C. P. & P. 746. It is not subject to collateral attack. *Price v. Edwards*, 178 N.C. 493, 101 S.E. 33.

It is suggested by the plaintiff that estoppel is not pleaded by the defendants and that this defense is not now available. But the rule is that when all the facts sufficient to constitute estoppel by judgment are set out in the answer, formal pleading in terms is not required. It is the substance and not necessarily the form of a plea that matters. *Alston v. Connell*, 140 N.C. 485 (494); *Current v. Webb*, 220 N.C. 425, 17 S.E. 2d 614; *Miller v. Bank*, 234 N.C. 309 (320), 67 S.E. 2d 362; McIntosh N. C. P. & P., p. 481; 31 C.J.S. 446.

We have examined the entire record in this case and reach the conclusion that the judgment of Judge Frizzelle should be

Affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.