PRINCETON REALTY CORP., A NORTH CAROLINA Corporation, v. ROBERT KALMAN, Individually; ROBERT KALMAN as Officer of STATESVILLE KNITTING MILLS, INC. AND IREDELL KNITTING MILLS, INC., AND POSITIVE KNITTING MILLS, INC.; AND STATESVILLE KNITTING MILLS, INC., IREDELL KNITTING MILLS, INC. AND POSITIVE KNITTING MILLS, INC., IN THEIR Corporate Entities, ALL Being NORTH CAROLINA Corporations; AND A. B. RAYMER, Trustee.

(Filed 13 December, 1967)

**1. Appeal and Error § 58—**

Even though the findings of the trial court will be presumed correct and supported by evidence when there are no specific findings of fact and no request therefor, nevertheless in injunction proceedings the Supreme Court may review and weigh the evidence submitted to the hearing judge and find the facts for itself.

**2. Injunctions § 13—**

Where the sole or main relief demanded in an action is an injunction, and upon the hearing to show cause the facts appearing in the pleadings and by affidavits of the respective parties are conflicting, the temporary restraining order should ordinarily be continued to the hearing when plaintiff would suffer irreparable injury if the temporary order be dissolved and defendant would not suffer any considerable injury if it should be continued to the hearing, since in such instance dissolution of the temporary order would amount to a determination on the merits.

**3. Mortgages and Deeds of Trust § 19—**

The trustor in a deed of trust is entitled to restrain foreclosure if the note secured by the instrument is not in default. G.S. 45-21.34.

**4. Injunctions § 13; Mortgages and Deeds of Trust § 19— Temporary order restraining foreclosure should be continued upon controverted facts.**

In this hearing to determine whether a temporary order restraining a foreclosure should be continued to the hearing, plaintiff trustor by sworn allegations asserted that it had paid all installments within the time prescribed in the various instruments sought to be foreclosed, that defendant *cestuis* had refused to accept payment, and that plaintiff would suffer irreparable injury if the instruments were foreclosed. The trustee and *cestuis que trustent* alleged by sworn allegations that the installments were not paid at maturity, that defendants gave notice of default to trustor by registered mail and that thereafter trustor, after the expiration of the grace period, mailed checks which were insufficient in amount to cover the payments then due. *Held:* The temporary restraining order should have been continued to the hearing upon the controverted issues of fact.

**5. Payment § 4—**

While payment should be pleaded with sufficient certainty and particularity to give the debtor notice, trustor's allegations in this case asserting that it had made all installment payments within the time allowed in the note secured by the deed of trust and chattel trust indentures securing the notes, and that the *cestuis* had refused such payment, *held* sufficient,

since a general allegation of payment is ordinarily a sufficient plea of payment.

APPEAL by plaintiff from *McLaughlin, J.,* in Chambers in IREDELL, on 25 July 1967.

Civil action to enjoin foreclosure of certain security instruments.

A deed of trust was executed on 6 April 1966, between Princeton Realty Corp., party of the first part, A. B. Raymer, Trustee, party of the second part, and Statesville Knitting Mills, Inc., party of the third part, which provided in material part that Princeton Realty Corp., being indebted to Statesville Knitting Mills, Inc. in the principal sum of $4,000.00, had executed a promissory note whereby the principal sum was due and payable in twenty quarterly installments of $200.00 each, the first installment being due on the first day of July, 1966, and the remaining installments on the first day of each October, January, April and July thereafter until fully paid, plus interest on the successive unpaid balances of principal at six per cent. The note was secured by conveyance of certain real property described in the deed of trust together with all heating, plumbing, air conditioning fixtures and equipment now on or affixed thereto and made a part of the building thereon. If Princeton Realty Corp. failed to pay any installment of principal or interest as the same became due, then on application of Statesville Knitting Mills, Inc., its assignee, or any other person entitled to the moneys due thereon, the trustee was to advertise the property for sale under the deed of trust. The entire amount of the indebtedness was to at once become due and payable at the option of the holder in case of either of the following events:

1. Default in payment of any installment of principal or interest, "and such default shall continue for as long as thirty (30) days after notice has been given by Registered Mail to the offices of the undersigned and its attorneys:

> Harvey A. Jones, Jr., Esq.
> Jonas & Jonas
> Lincolnton, N. C.        and
>
> Stanley B. Essner, Esq.
> Empire State Bldg. Suite 4615
> New York, N. Y. 10001."

2.  . . . .

3. Default in payment "of either of the notes from Princeton Realty Corporation to Iredell Knitting Mills, Inc., Positive Knit-

ting Mills, Inc., or Robert Kalman secured by chattel trust indenture, registered simultaneously with this instrument and such default shall continue for thirty (30) days after notice to the party of the first part and its said attorneys."

Plaintiff alleged in its complaint that it had executed certain instruments to secure promissory notes as listed below:

| Instrument | Secured party | Date Executed |
|---|---|---|
| 1. Deed of trust | Statesville Knitting Mills, Inc. | 4/6/66 |
| 2. Chattel trust indenture | Positive Knitting Mills, Inc. | 4/6/66 |
| 3. Chattel trust indenture | Robert Kalman | 4/6/66 |
| 4. Chattel trust indenture | Iredell Knitting Mills, Inc. | 4/6/66 |

Plaintiff further alleged that defendants intended to foreclose the above listed instruments, and that notice of foreclosure had been posted at Iredell County Courthouse; that plaintiff had made all installment payments within the time allowed in the various instruments, but that defendants had refused to accept payment; that if defendant trustee is allowed to advertise and foreclose plaintiff's property, plaintiff would suffer irreparable damage and lasting injury by being deprived of its property and the industries located thereon. Plaintiff requested in its prayer for relief that its complaint be treated as an affidavit; that a temporary restraining order be issued to enjoin and restrain defendant trustee from any further proceedings in connection with such sale until a final determination of the rights of the parties.

Judge McLaughlin issued a temporary restraining order on 23 June 1967, and defendants were ordered to appear and show cause why the order should not be continued until a final hearing.

At the hearing to show cause, Robert Kalman stated by his sworn pleadings, *inter alia,* that the installments were not paid at maturity; that installments were due on 1 April 1967; that defendants gave notice of default to plaintiff by registered mail and deposited the letters in the U. S. Mail on 3 April 1967; that plaintiff mailed checks which were insufficient in amount, purporting to cover payments due 1 April 1967 by letter postmarked 4 May 1967; that said letter was received by defendant, A. B. Raymer, Trustee, on 6 May 1967. Therefore, default had continued for as long as 30 days after notice had been given as provided in the deed of trust and the chattel trust indentures, and in the notes secured by those instruments; and that as provided in said instruments, the payees had declared the entire amount of debt due, so that plaintiff was in default in payment of the entire balance on each of said notes. Kalman admitted that it was his intention to foreclose the deed of trust

and the chattel trust indentures and, further, that notice of foreclosure had been posted at the courthouse.

Thereafter, Judge McLaughlin entered an order which recited in part:

> ". . . and [this cause] being heard upon the complaint, Affidavits and Exhibits submitted by the plaintiff and the defendants, and it appearing to the court upon such hearing that the plaintiff is not entitled to the said Restraining Order;
>
> It is now ordered that the Restraining Order granted in this action on the 23rd day of June, 1967, be and the same is, hereby vacated and dissolved. . . ."

Plaintiff excepted to the signing of the order and appealed.

*Collier, Harris & Collier and Edward T. Cook for plaintiff-appellant.*

*Raymer, Raymer & Lewis for defendant appellees.*

BRANCH, J. The sole question to be decided on this appeal is whether the lower court erred in dissolving the temporary restraining order prior to a final hearing on the merits.

It is noted that the hearing judge in dissolving the order did not find facts, nor did appellant request that facts be found.

Although the Supreme Court indulges the presumption that the findings of the hearing judge are correct and requires the applicant to assign and show error, nevertheless, on appeal from an order granting or refusing an interlocutory injunction it is not bound by the findings of fact of the hearing judge. The Court may review and weigh the evidence submitted to the hearing judge and find the facts for itself. *Coach Lines v. Brotherhood,* 254 N.C. 60, 118 S.E. 2d 37; *Lance v. Cogdill,* 238 N.C. 500, 78 S.E. 2d 319.

The record in this case fails to show why a foreclosure was insisted upon and, further, fails to show whether the sums tendered to and refused by defendant Kalman were in the correct amount. We therefore deem it advisable to review the record. Upon such review we find that the pertinent facts may be summarized as follows: Plaintiff contends by its pleadings that it is correct in its payments on the notes secured by the instruments about to be foreclosed. Defendant Kalman by his pleadings and by introduction of exhibits squarely controverts this contention, by contending that notice was mailed to plaintiff by registered mail and that plaintiff did not tender payment in time nor sufficient in amount to prevent default under the terms of the security instruments.

We need not decide whether proof of due mailing of a letter

raises a presumption as to date of receipt of the letter, since we do not now consider the ultimate issues raised by the pleadings.

In order to decide the question presented for decision it becomes necessary that we review the applicable North Carolina cases.

This Court in *Studios v. Goldston,* 249 N.C. 117, 105 S.E. 2d 277, in affirming the continuance of a restraining order until final determination of the action on its merits, quoted from the landmark case of *Cobb v. Clegg,* 137 N.C. 153, 49 S.E. 80, as follows.

> "In *Cobb v. Clegg,* 137 N.C. 153, 49 S.E. 80, Walker, J., speaking for the Court, in pointing out the distinction between the old forms of common and special injunctions, said: 'If the facts constituting the equity were fully and fairly denied, the injunction was dissolved unless there was some special reason for continuing it. Not so with a special injunction, which is granted for the prevention of irreparable injury, when the preventive aid of the court of equity is the ultimate and only relief sought and is the primary equity involved in the suit. In the case of special injunctions the rule is not to dissolve upon the coming in of the answer, even though it may deny the equity, but to continue the injunction to the hearing if there is probable cause for supposing that the plaintiff will be able to maintain his primary equity and there is a reasonable apprehension of irreparable loss unless it remains in force, or if in the opinion of the court it appears reasonably necessary to protect the plaintiff's right until the controversy between him and the defendant can be determined. It is generally proper, when the parties are at issue concerning the legal or equitable right, to grant an interlocutory injunction to preserve the right *in statu quo* until the determination of the controversy, and especially is this the rule when the principal relief sought is in itself an injunction, because a dissolution of a pending interlocutory injunction, or the refusal of one, upon application therefor in the first instance, will virtually decide the case upon its merits and deprive the plaintiff of all remedy or relief, even though he should be afterwards able to show ever so good a case.' *Scott v. Gillis,* 197 N.C. 223, 148 S.E. 315; *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383; *Lance v. Cogdill,* 238 N.C. 500, 78 S.E. 2d 319; *Roberts v. Cameron,* 245 N.C. 373, 95 S.E. 2d 899."

See *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383.

The case of *Sanders v. Insurance Co.,* 183 N.C. 66, 110 S.E. 597, was an action to enjoin the sale of lands upon a deed of trust. The facts were conflicting upon the question of whether the mortgage

deed had been paid. The Court, holding that the injunction should be continued to the hearing to ascertain the facts involved, quoted from *Marshall v. Comrs.*, 89 N.C. 103, as follows:

> "The injunctive relief sought in this action is not merely auxiliary to the principal relief demanded, but it is the relief, and a perpetual injunction is demanded. To dissolve the injunction, therefore, would be practically to deny the relief sought and terminate the action. This the Court will never do where it may be that possibly the plaintiff is entitled to the relief demanded. In such cases, it will not determine the matter upon a preliminary hearing upon the pleadings and *ex parte* affidavits; but it will preserve the matter intact until the action can be regularly heard upon its merits. Any other course would defeat the end to be attained by the action."

The Court further stated:

> "The motion for the injunction was heard by the judge upon affidavits, and as it appeared from them, and the pleadings, that important issues are raised upon the vital question of indebtedness, as to whether there is any now due, and if any, how much, the court continued the preliminary injunction to the final hearing, . . ."

Again considering the question whether a restraining order should be continued to the final hearing, in the case of *Smith v. Bank*, 223 N.C. 249, 25 S.E. 2d 859, which was a civil action to restrain foreclosure sale of lands under power contained in a trust deed, the hearing judge entered judgment vacating the temporary restraining order. Holding that the temporary restraining order should have been continued to the final hearing, this Court said:

> "If the plaintiff, applying for injunctive relief as the main remedy sought in her action, has shown probable cause for supposing that she will be able to maintain her primary equity and there is reasonable apprehension of irreparable loss unless it remains in force, or if, in the opinion of the court, it appears reasonably necessary to protect the plaintiff's rights until the controversy between her and the defendants can be determined, injunction will be continued to the hearing. *Proctor v. Fert. Works,* 183 N.C. 153, 110 S.E. 861; *Cobb v. Clegg,* 137 N.C. 153; *Tobacco Association v. Battle, supra.* If the evidence raises a serious question as to the existence of the facts which make for plaintiff's rights and is sufficient to establish it, the preliminary restraining order will be continued to the hearing. *Tise v. Whit-*

*aker-Harvey Co.,* 144 N.C. 508; *Tobacco Association v. Battle, supra."*

In *Teeter v. Teeter,* 205 N.C. 438, 171 S.E. 620, the plaintiffs brought action alleging that the defendants advertised their land for sale under deed of trust in breach of an agreement not to foreclose during the current year, and further, that defendants had failed to make certain credits upon the note which said deed of trust secured. Plaintiffs asked for an accounting and that the sale be restrained. A temporary restraining order was signed and, after a hearing upon affidavits, the court dissolved the restraining order. Holding that the restraining order should have been continued to the hearing, this Court stated:

"This Court has held that it has the power to find and review findings of fact on appeal in injunction proceedings, and that 'where it will not harm the defendant to continue the injunction, and may cause great injury to the plaintiff, if it is dissolved, the court generally will restrain the parties until the hearing . . .; where serious questions were raised . . .; or where reasonably necessary to protect plaintiff's rights.' *Wentz v. Land Co.,* 193 N.C. 32, 135 S.E. 480; *Ferebee v. Thomason, ante,* 263."

For a clear and concise statement of the rules governing the granting or refusing of interlocutory injunctions, see *Huskins v. Hospital,* 238 N.C. 357, 78 S.E. 2d 116.

Appellee contends that plaintiff's complaint was fatally defective in that it failed to show plaintiff was entitled to injunctive relief, and particularly because of its failure to allege insolvency, restraint, fraud, oppression or usury.

G.S. 45-21.34 provides:

"Any owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the superior court, prior to the confirmation of any sale of such real estate by a mortgagee, trustee, commissioner or other person authorized to sell the same, to enjoin such sale or the confirmation thereof, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, *or upon any other legal or equitable ground which the court may deem sufficient:* . . ." (Emphasis ours.)

These contentions of appellee are not sustained when tested by the applicable rules as herein set out. Nor can we agree with appel-

lee's contention that the allegation "that the plaintiff has heretofore made all the installment payments under each of said deed of trust and chattel trust indenture within the time allowed in same, including the installments due on April 1, 1967," is conclusory and does not raise an issue of fact.

In 70 C.J.S., Payment, § 85(a)(1), it is stated: "The general allegation of payment is ordinarily held sufficient as a plea of payment. . . . payment must be pleaded with sufficient certainty and particularity as to give plaintiff notice thereof."

In this jurisdiction, where pleadings are construed liberally and in favor of the pleader, we hold that plaintiff sufficiently pleaded the ultimate fact of payment.

This record raises a reasonable apprehension of irreparable injury to plaintiff if the temporary restraining order be dissolved and negatives any considerable injury to defendant Kalman if continued to the final hearing. Further, the record shows the existence of a bona fide controversy, and that there is some probability that the plaintiff may prevail at final hearing. Thus, there was error in the order vacating the temporary restraining order. It should be continued to final hearing.

Reversed.