GOLF VISTAS, INC. AND THE LAWN AND TENNIS CLUB OF NORTH CARO-
LINA, INC. v. MORTGAGE INVESTORS OF WASHINGTON, AND MOSLEY
G. BOYETTE, JR.

No. 7820SC664

(Filed 19 December 1978)

**Mortgages and Deeds of Trust § 25 — foreclosure under power of sale — hearing be-
fore clerk — all matters not settled therein — injunctive relief appropriate**

In an action to enjoin foreclosure where plaintiffs alleged that they were
not in default and that a portion of the property sought to be foreclosed had
been released from the deed of trust by the lender, the trial court erred in de-
nying a preliminary injunction and finding that the matters complained of
should be raised before the Clerk of Superior Court since the hearing before
the Clerk provided for in G.S. 45-21.16 was not intended to settle all matters
in controversy between the parties, and plaintiffs could properly seek injunc-
tive relief pursuant to G.S. 45-21.34.

APPEAL by plaintiffs from *Walker (Hal H.), Judge.* Order
entered 9 March 1978 in Superior Court, MOORE County. Heard in
the Court of Appeals 19 October 1978.

On 3 February 1978, plaintiffs brought this action to enjoin
defendants from foreclosing upon certain property in Moore Coun-
ty. Previously, on 18 January 1978, defendants had instituted a
special proceeding before the Clerk of Superior Court to foreclose
upon the property under a deed of trust dated 11 October 1974,
which secured a $2,329,600 loan from defendant Mortgage In-
vestors to plaintiffs. Plaintiffs sought to enjoin the special pro-
ceeding, because they alleged they were not in default, and
because a portion of the property sought to be foreclosed had
been released from the deed of trust by the lender.

Judge McConnell issued a temporary restraining order on 6
February 1978 enjoining the proceeding. On 9 March 1978, the
lender moved to dissolve the temporary restraining order.

Judge Hal H. Walker entered an order, filed 16 March 1978, denying a preliminary injunction and finding that the matters complained of should be raised before the Clerk of Superior Court. A supplemental order was filed on 24 March 1978 which permitted the temporary restraining order to continue until resolution of plaintiffs' appeal.

*Leath, Bynum, Kitchin & Neal, by Fred W. Bynum, Jr., for plaintiff appellants.*

*Glassie, Pewett, Beebe & Shanks, Washington, D.C., by Thomas G. McGarry and James Bruce Davis; Boyette & Boyette, by M. G. Boyette, Jr.; Powe, Porter, Alphin & Whichard, by E. K. Powe and Niccolo A. Ciompi; for defendant appellees.*

ERWIN, Judge.

Plaintiffs assign error to the refusal of the trial court to grant the preliminary injunction. They contend that there are issues which should be passed upon by a jury before the Clerk determines whether defendants are entitled to proceed with foreclosure. Defendants argue that G.S. 45-21.16 gives plaintiffs the right to raise their alleged defenses in the special proceeding before the Clerk and, upon appeal, before a judge of the Superior Court. Thus, defendants maintain that plaintiffs have an adequate remedy at law, and the trial court properly refused to grant the preliminary injunction.

G.S. 45-21.16(d) provides in pertinent part:

"The hearing provided by this section shall be held before the clerk of court in the county where the land, or any portion thereof, is situated. . . . If the clerk finds the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled to such under subsection (b), then the clerk shall authorize the mortgagee or trustee to proceed under the instrument . . . The act of the clerk in so finding or refusing to so find is a judicial act and may be appealed to the judge of the district or superior court having jurisdiction at any time within 10 days after said act. Appeals from said act of the clerk shall be heard de novo."

In the recent case of *In re Watts*, 38 N.C. App. 90, 247 S.E. 2d 427 (1978), the issue before this Court was whether a Superior Court Judge is authorized to invoke equity jurisdiction in a hearing *de novo* on appeal pursuant to the above statute or is limited to hearing the same matters which were before the Clerk of Superior Court. We noted therein that the injunctive relief provided for in G.S. 45-21.34 is available prior to the confirmation of the foreclosure sale. Construing the intent of the Legislature and considering *Turner v. Blackburn*, 389 F. Supp. 1250 (W.D.N.C. 1975), we held, with Judge Clark speaking for this Court:

> "The notice and hearing required by G.S. 45-21.16 were designed to enable the mortgagor to utilize the injunctive relief already available in G.S. 45-21.34. The hearing [before the Clerk or *de novo* in Superior Court] was not intended to settle all matters in controversy between mortgagor and mortgagee, nor was it designed to provide a second procedure for invoking equitable relief.
>
> &ast;   &ast;   &ast;
>
> . . . The proper method for invoking equitable jurisdiction to enjoin a foreclosure sale is by bringing an action in the Superior Court pursuant to G.S. 45-21.34." (Citations omitted.) 38 N.C. App. at 94, 247 S.E. 2d at 429.

We hold, therefore, that the trial court erred in concluding that the matters raised herein could only be raised at the hearing before the Clerk. It does not inevitably follow, however, that plaintiffs herein will prevail. We hold, simply, as we did in *In re Watts*, *supra*, that the hearing provided for in G.S. 45-21.16 was not intended to settle all matters in controversy between the parties and that the appropriate means for invoking equity jurisdiction is an action pursuant to G.S. 45-21.34. In part, plaintiffs base this action on the contention that they are not in default. The trustor in a deed of trust is entitled to restrain foreclosure if the note secured by the instrument is not in default. *Realty Corp. v. Kalman*, 272 N.C. 201, 159 S.E. 2d 193 (1967). Likewise, we believe that plaintiffs' contention that certain portions of the property have been released from the deed of trust, if shown to be true, would entitle them to restrain a foreclosure proceeding which purports to seek foreclosure of all of the property under the original deed of trust.

We conclude, therefore, that the temporary restraining order should be continued to the hearing, *see Realty Corp. v. Kalman, supra*, and that plaintiffs may raise the issues herein under the provisions of G.S. 45-21.34.

The orders of the trial court are vacated, except insofar as they continue the temporary restraining order, and the cause is remanded for a rehearing consistent with our ruling herein.

Judges CLARK and ARNOLD concur.