JOHN THOMAS MEEHAN, Plaintiff v. DOROTHY ANN CABLE and
K. REID BERGLUND, Trustee, Defendants

No. COA96-1335

(Filed 2 September 1997)

**1. Mortgages and Deeds of Trust § 65 (NCI4th)— foreclosure hearing—injunction—jurisdiction of Superior Court**

The trial court erred by concluding that it lacked jurisdiction to hear claims arising from a foreclosure and that the claims were properly addressed before the clerk of court in the foreclosure proceeding where plaintiff argued in his complaints that the foreclosure should be enjoined because he was not in default and that allowing the foreclosure to proceed without an accurate accounting would force him to pay defendants more than they are due in order to prevent a sale of the property. If proven, these claims might be the basis for an injunction against foreclosure and are within the jurisdiction of the superior court pursuant to N.C.G.S. § 45-21.34.

**2. Courts § 63 (NCI4th)— federal Fair Debt Collection Practices Act—equitable remedies—jurisdiction**

The trial court did not err by dismissing plaintiff's claim under the federal Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 for lack of jurisdiction. N.C.G.S. § 7A-243 provides that the Superior Court is the proper division for a trial in a civil action where the amount in controversy exceeds $10,000 and damages under 15 U.S.C.A. § 1692 are limited to $1,000 per proceeding. Plaintiff's only other claims were for the equitable remedies of injunction and accounting.

**3. Judgments § 207 (NCI4th)— foreclosure hearing—equitable defenses—res judicata—collateral estoppel—issues not litigated**

The trial court improperly concluded that defendant's equitable defenses to foreclosure were precluded under the doctrines of res judicata and collateral estoppel where defendant raised the equitable defenses at the foreclosure hearing. It is well established that a clerk of court is without jurisdiction to consider equitable defenses in a foreclosure hearing pursuant to N.C.G.S. § 45-21.16 and the elements of collateral estoppel are not met where the court adjudicating the prior proceeding lacked juris-

diction over an issue. Res judicata requires the same claims as the prior action and plaintiff's claims for an injunction pursuant to N.C.G.S. § 45-21.34 are not claims which could have been brought in the prior action under § 21.16.

Judge COZORT dissenting.

Appeal by plaintiffs from order entered 26 July 1996 by Judge James U. Downs in Macon County Superior Court. Heard in the Court of Appeals 3 June 1997.

*Jones, Key, Melvin, & Patton, P.A., by Richard Melvin, for plaintiff-appellant.*

*Creighton W. Sossomon for defendant-appellee.*

TIMMONS-GOODSON, Judge.

On 27 August 1985, plaintiff John Thomas Meehan purchased a tract of land with a summer house in Highlands, North Carolina from defendant Dorothy Ann Cable. To secure the unpaid portion of the purchase price, plaintiff executed a purchase money note and deed of trust providing for annual payments to be applied first toward the interest and the remainder toward the principal. Plaintiff made inconsistent payments until 9 August 1993, at which point defendants filed a petition to foreclose and gave notice of a hearing pursuant to North Carolina General Statutes section 45-21.16. The petition was granted by the clerk of superior court, upheld by the superior court on appeal *de novo*, and again upheld on appeal to this Court. To prevent foreclosure, plaintiff was required to deposit with the clerk of superior court a sum representing the amount due under the note as alleged by defendants.

In a separate action pursuant to North Carolina General Statutes section 45-21.34, plaintiff filed a complaint in the Superior Court of Macon County alleging that defendants had demanded payment in excess of the amount owed, seeking to enjoin the foreclosure proceedings, and requesting a proper accounting. Plaintiff subsequently filed two amended complaints in which he claimed, in pertinent part, that he was not in default; that his account was entitled to certain credits; that defendants' actions were in violation of the federal "Fair Debt Collection Practices Act," 15 U.S.C.A. § 1692 (1982); that defendants were barred by principles of waiver and estoppel from either claiming default or accelerating payments; and that defendants had anticipatorily breached the terms of the note.

After hearing the arguments of both parties and examining the evidence, the trial court dismissed all of the claims alleged in the original complaint for lack of jurisdiction, stating that they were "properly before the Clerk of Superior Court as part of the foreclosure proceeding." In addition, the trial court dismissed plaintiff's claim under the federal "Fair Debt Collection Practices Act" for lack of jurisdiction. With regard to plaintiff's first amended complaint, the trial court dismissed the claims therein for lack of jurisdiction as well. Finally, the trial court dismissed all claims made in plaintiff's second amended complaint based on defendants' plea of res judicata and collateral estoppel. Plaintiff appeals.

**[1]** Plaintiff's first assignment of error is that the trial court erred in dismissing his claims based on lack of jurisdiction. We agree and remand this action to the superior court.

North Carolina General Statutes section 45-21.34 provides that:

> Any owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed pursuant to G.S. 45-21.29A to enjoin such sale, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, *or upon any other legal or equitable ground which the court may deem sufficient.* . . .

N.C. Gen. Stat. § 45-21.34 (1996) (emphasis added). Moreover, the notice and hearing provided for under North Carolina General Statutes section 45-21.16

> were designed to enable the mortgagor to utilize the injunctive relief already available in G.S. 45-21.34. The hearing was not intended to settle all matters in controversy between mortgagor and mortgagee, nor was it designed to provide a second procedure for invoking equitable relief.

*In re Watts*, 38 N.C. App. 90, 94, 247 S.E.2d 427, 429 (1978). "The proper method for invoking equitable jurisdiction to enjoin a foreclosure sale is by bringing an action in the Superior Court pursuant to G.S. 45-21.34." *Id.* (citations omitted); *see also Golf Vistas v. Mortgage Investors*, 39 N.C. App. 230, 249 S.E.2d 815 (1978). In *Golf Vistas*, a case similar to the present case, this Court held that, after a foreclosure proceeding had been initiated by special hearing under

section 45-21.16, plaintiff was entitled to pursue claims that there was no default and that part of the property had been released from the deed of trust in a civil action to enjoin the foreclosure under section 45-21.34. 39 N.C. App. 230, 249 S.E.2d 815.

In the case *sub judice*, plaintiff argues in his original and first amended complaints that the foreclosure should be enjoined because he is not in default, and that allowing the foreclosure to proceed without an accurate accounting would force plaintiff to pay defendants more than they are due, in order to prevent a sale of the property. We find that these claims, if proven, might be a basis for an injunction against foreclosure and, as such, are within the jurisdiction of the superior court in an action pursuant to North Carolina General Statutes section 45-21.34. Accordingly, the trial court erred in concluding that it lacked jurisdiction to hear these claims and that they were properly addressed before the clerk of court in the foreclosure proceeding.

[2] In his second assignment of error, plaintiff argues that the trial court erred in dismissing his claim under the federal "Fair Debt Collection Practices Act," 15 U.S.C.A. § 1692, for lack of jurisdiction. We disagree.

North Carolina General Statutes section 7A-243 provides that the superior court is the proper division for trial in a civil action where the amount in controversy exceeds $10,000. N.C. Gen. Stat. § 7A-243 (1995). However, under 15 U.S.C.A. § 1692, statutory damages are limited to $1,000 per proceeding. 15 U.S.C.A. § 1692k(a)(2)(A). Accordingly, as plaintiff's only other claims were for the equitable remedies of injunction and accounting, the trial court correctly determined that it was without jurisdiction to hear the claim.

[3] In his final assignment of error, plaintiff argues that the trial court erred in dismissing his second amended complaint based on the doctrines of res judicata and collateral estoppel. We agree and hold that these issues should be remanded to the court below for consideration on the merits.

First, we note that the issue is properly one of collateral estoppel, not res judicata. Res judicata applies only when the present action involves the same parties and the same claims as the prior action; whereas, collateral estoppel may apply where the same parties appear with different claims. *See Chrisalis Properties, Inc. v. Separate Quarters, Inc.*, 101 N.C. App. 81, 398 S.E.2d 628 (1990),

*disc. review denied,* 328 N.C. 570, 403 S.E.2d 509 (1991). As we have already noted, plaintiff's claims for an injunction pursuant to section 45-21.34 of the General Statutes are not claims which could have been brought in the prior action under section 45-21.16 and, thus, are different claims for purposes of res judicata.

The elements of collateral estoppel, as stated by our Supreme Court, are as follows: (1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined. *Thomas M. McInnis & Associates, Inc. v. Hall,* 318 N.C. 421, 349 S.E.2d 552 (1986). Moreover, this Court has recently held that where the court adjudicating the prior proceeding lacked jurisdiction over an issue, the third element of collateral estoppel has not been met. *Alt v. John Umstead Hospital,* 125 N.C. App. 193, 479 S.E.2d 800, *disc. review denied,* 345 N.C. 639, 483 S.E.2d 702 (1997); *see also In re Canal Co.,* 234 N.C. 374, 377, 67 S.E.2d 276, 278 (1951) (noting that "[a] judgment entered by a clerk of the Superior Court in a special proceeding *in which such clerk had jurisdiction,* will stand as a judgment of the court. . . ." (emphasis added)).

It is well established that a clerk of court is without jurisdiction to consider equitable defenses in a foreclosure hearing pursuant to section 45-21.16 of the General Statutes.

> According to G.S. 45-21.16, . . . there are only four issues before the clerk at a foreclosure hearing: the existence of a valid debt of which the party seeking to foreclose is the holder, the existence of default, the trustee's right to foreclose, and the sufficiency of notice to the record owners of the hearing. . . . (The) judge has no equitable jurisdiction and cannot enjoin foreclosure upon any ground other than the ones stated in G.S. 45-21.16.

*In re Foreclosure of Deed of Trust,* 55 N.C. App. 68, 71-72, 284 S.E.2d 553, 555 (1981), *disc. review denied,* 305 N.C. 300, 291 S.E.2d 149 (1982) (citations omitted). "Equitable defenses to foreclosure, *such as waiver* of the right to prompt payment through acceptance of late payments, *may not* be raised in a hearing pursuant to N.C.G.S. § 45-21.16 or on appeal therefrom but must be asserted in an action to enjoin the foreclosure sale under N.C.G.S. § 45-21.34." *In re Foreclosure of Goforth Properties, Inc.,* 334 N.C. 369, 374, 432 S.E.2d 855, 859 (1993) (emphasis added); *see also In re Foreclosure of Fortescue,* 75 N.C. App. 127, 330 S.E.2d 219 (1985) (holding that

respondent's argument on waiver was not properly addressed in an action pursuant to section 45-21.16, but must be pursued in an action under section 45-21.34). In the foreclosure hearing in the instant case, to the extent that such arguments were made before the clerk of court, or before the superior court upon appeal *de novo*, the issues raised by plaintiff were not "actually litigated" or "necessary to the judgment" as required for collateral estoppel.

In light of the foregoing, we affirm the decision of the superior court with regard to lack of jurisdiction over plaintiff's claim under 15 U.S.C.A. § 1692. However, we reverse the superior court's decision and remand this case for a hearing on plaintiff's requests for an injunction and accounting, and for consideration of plaintiff's equitable claims of waiver, estoppel, substitution and novation.

Affirm in part; reverse and remand in part.

Judge MARTIN, Mark D., concurs.

Judge COZORT dissents.

Judge COZORT dissented prior to 31 July 1997.

Judge COZORT dissenting.

I vote to dismiss plaintiff's appeal.

Rule 10(c)(1) of the North Carolina Rules of Appellate Procedure states, in part: "Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1) (1997).

Plaintiff's assignments of error state:

Plaintiff/Appellant, John Thomas Meehan respectfully assigns the following errors:

1. Paragraph 1 of the Order of the Honorable James U. Downs dated July 25, 1996.

EXCEPTION No. 1, R. p. 20

2. Paragraph 2 of the Order of the Honorable James U. Downs dated July 25, 1996.

EXCEPTION No. 2, R. p. 20

3. Paragraph 3 of the Order of the Honorable James U. Downs dated July 25, 1996.

EXCEPTION No. 3, R. p. 21.

These assignments of error completely fail to state any "legal basis upon which error is assigned." Failure to follow the Rules of Appellate Procedure regarding the form of assignments of error subjects an appeal to dismissal. *Bustle v. Rice,* 116 N.C. App. 658, 449 S.E.2d 10 (1994); *State v. Thomas,* 332 N.C. 544, 423 S.E.2d 75 (1992). Our rules were not written to be ignored by the parties or this Court. This appeal should be dismissed.