ELMORE, Judge.
On 12 June 2013 in Mecklenburg County Superior Court, plaintiffs-appellants Christopher C. Friscia and Maria A. Friscia (the "Friscias") filed a complaint against Bank of America, N.A. ("BANA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Hutchens, Senter, Kellam & Petit, P.A. ("HSKP"), and Substitute Trustee Services, Inc. ("STS") (collectively "defendants"). The Friscias' complaint alleged the following nine causes of action: (i) Fraud by Forgery; (ii) Fraud; (iii) Fraud Through Decoy Assignment; (iv) Fraudulent Misrepresentation; (v) Fraud by Use of MERS; (vi) violations of the North Carolina Debt Collections and Practices Act ("NCDCPA"); (vii) Slander of Title; (viii) Quiet Title; and (ix) Fraud Through Securitization. The Friscias' claims arose over a dispute involving a mortgage loan secured by real property located at 10123 Caldwell Depot Road, in Cornelius ("the property").
In February 2014, defendants filed separate motions to dismiss the Friscias' action pursuant to Rules of Civil Procedure 8, 9(b), and 12(b)(6). On 28 April 2014, Judge Nathaniel J. Poovey issued an order granting defendants' motions to dismiss with prejudice, with the parties to bear their own costs. The Friscias timely appealed the entry of Judge Poovey's order on 22 May 2014. After careful consideration, we affirm the entry of the trial court's orders.
I. Background
The facts of this case are as follows: On 10 March 2006, Christopher Friscia executed a promissory note ("the Note") in the amount of $161,600 in favor of America's Wholesale Lender. To secure the Note, the Friscias executed a deed of trust, which was recorded on 15 March 2006 in Book 20146 at Page 24 of the Mecklenburg County Register of Deeds. The deed of trust named MERS as the beneficiary under the security instrument, solely as nominee for America's Wholesale Lender and the Lender's successors and assigns. On 31 May 2012, MERS assigned its interest in the deed of trust to BANA. This assignment purportedly transferred the Friscias' deed of trust, and all beneficial interest there under, from America's Wholesale Lender to BANA.
On or about 20 December 2011, the Friscias requested a copy of the Note from BANA. They were provided with a copy two days later. Upon reviewing the copy, the Friscias allegedly noticed that Mr. Friscia's initials were written in the lower right hand corner of the first page of the Note. The Friscias' now claim that the initial copy of the Note they received at closing did not bear Mr. Friscias' initials on the first page. Accordingly, the Friscias contend that Mr. Friscias' initials were forged on the copy of the Note that BANA provided them.
The Friscias assert that they received a second copy of the Note on or about 24 July 2012 from HSKP. The Friscias contend that this copy reflected the forged initials of Mr. Friscia as well as an indorsement in blank that failed to specify the entity to which Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender) sold the Note.
On or about 24 July 2012, after the Friscias ceased making payments on the Note, STS, at BANA's request, initiated a power of sale foreclosure action against the property. On 21 March 2013, the Assistant Clerk of Superior Court for Mecklenburg County issued an order allowing foreclosure to proceed in accordance with N.C. Gen.Stat. § 45-21.16. Pursuant to the statute, the Clerk found the existence of: (1) a valid debt, (2) default thereon, (3) that BANA was the current holder of the Note sought to be foreclosed, and (4) proper notice to the necessary parties. The order expressly stated that "Bank of America, NA successor by merger to BAC Home Loans Servicing, LP is the holder of the note sought to be foreclosed and it evidences that this is a valid debt owed by Christopher C. Friscia."
Instead of appealing the order authorizing the foreclosure, the Friscias filed the complaint in the forgoing lawsuit. In addition, they also filed a nearly identical suit in the United States District Court for the Western District of North Carolina. On 28 October 2013, Magistrate Judge David Cayer recommended that the Friscias' federal action be dismissed on jurisdictional grounds. Specifically, Magistrate Cayer found that, with the exception of the Friscias' claim that defendants violated the Real Estate Settlement Procedures Act ("REPSA"), each of the remaining claims were premised on the contentions that (i) BANA was not the holder of the Note, (ii) BANA lacked standing to foreclose, and/or (iii) the debt was invalid. Because these matters had been litigated and determined in the foreclosure action in state court, Magistrate Cayer found that the claims were barred by the Rooker-Feldman doctrine, which prohibits actions attacking state court judgments in federal court. See Johnson v. De Grandy,512 U.S. 997, 1005-06, 129 L.Ed.2d 775 (1994). Accordingly, Magistrate Cayer recommended that defendants' motions to dismiss be granted with prejudice. On 17 January 2014, the Friscias dismissed the federal action without prejudice prior to receiving a final ruling on Magistrate Cayer's recommendation.
On 28 April 2014, the Mecklenburg County Superior Court dismissed the Friscias' complaint in the instant action with prejudice pursuant to Rules 8, 9(b), and 12(b)(6) of our Rules of Civil Procedure based on the Friscias' failure to state a claim(s) upon which relief could be granted.
II. Analysis
The Friscias argue that the trial court erred in dismissing their claim of fraud by forgery ("Claim I") and their claim under the North Carolina Fair Debt Collection Practices Act ("Claim VII") because these claims, "when liberally construed, stated [ ] claim[s] upon which relief could be granted." We disagree.
On appeal, defendants collectively argue that the trial court properly dismissed Claims I and VII of the Friscias' complaint based on the doctrines of res judicata and collateral estoppel. First, we note that the issues before us are properly ones of collateral estoppel, not res judicata. Meehan v. Cable,127 N.C.App. 336, 339-340, 489 S.E.2d 440, 443 (1997) ("Res judicata applies only when the present action involves the same parties and the same claims as the prior action; whereas, collateral estoppel may apply where the same parties appear with different claims."). Here, Claim I and Claim VII differ from the claim litigated in the foreclosure proceeding and, therefore, are more appropriately before us for review under the doctrine of collateral estoppel. Id.at 340, 489 S.E.2d 443.
To establish a defense based on collateral estoppel, the moving party must demonstrate: (1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined. Id.We conclude that the trial court properly dismissed this action based on the doctrine of collateral estoppel.
Foreclosure proceedings before a clerk of court pursuant to a power of sale are governed by N.C. Gen.Stat. § 45-21.16. The statute provides that the clerk may authorize a foreclose action to proceed provided he or she finds the existence of, inter alia,(i) a valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) the trustee's right to foreclose under the instrument, and (iv) sufficiency of notice to those entitled to such. SeeN.C. Gen.Stat. § 45-21.16 (2013). In addition to the statutory issues before the clerk, our Supreme Court has held that it is appropriate for reasons of judicial economy to allow a party to argue fraud or forgery of a promissory note at a foreclosure hearing pursuant to N.C. Gen.Stat. § 45-21.16 because these claims directly correlate to the existence of a valid debt. In re Michael Weinman Associates Gen. P'ship,333 N.C. 221, 230, 424 S.E.2d 385, 390 (1993). Here, there is no evidence in the record that the Friscias challenged the validity of the Note at the foreclosure hearing, which would have been an appropriate forum. Instead, they elected to file the suit before us on appeal.
The Friscias' complaint contains a claim for fraud by forgery and a claim under the North Carolina Fair Debt Collection Practices Act. "The essential elements of fraud [in the inducement] are: (1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Ward v. Fogel,--- N.C.App. ----, ----, 768 S.E.2d 292, 301 (2014). The three elements are necessary to constitute the offense of forgery are as follows: "(1) There must be a false making or other alteration of some instrument in writing; (2) there must be a fraudulent intent; and (3) the instrument must be apparently capable of effecting a fraud." State v. Brown,9 N.C.App. 498, 500, 176 S.E.2d 881, 882 (1970).
Before a claim for unfair debt collection can be substantiated, three threshold determinations must be satisfied. Reid v. Ayers,138 N.C.App. 261, 263, 531 S.E.2d 231, 233 (2000). "First, the obligation owed must be a 'debt'; second, the one owing the obligation must be a 'consumer'; and third, the one trying to collect the obligation must be a 'debt collector.' N.C. Gen.Stat. § 75-50(1) -(3)." Id."For purposes of the NCDCA, our legislature has defined 'debt' as any obligation owed or due or alleged to be owed or due from a consumer. Id.Once the three threshold requirements are satisfied, "a claim for unfair debt collection practices must then meet the three generalized requirements found in section 75-1.1:(1) an unfair act (2) in or affecting commerce (3) proximately causing injury."Id.at 266, 531 S.E.2d at 235.
In the Friscias' claim of fraud, they purportedly challenge BANA's standing to foreclose on the property. Specifically, the Friscias allege that defendants altered the copy of the Note "by forging Mr. Friscia's initials on the first page of the Note and [placing] the erroneous endorsement on the last page." In support of this assertion, the Friscias' complaint states, in pertinent part, as follows:
55. Plaintiffs' original Note at closing contained the signature of Christopher Friscia, but lacked Mr. Friscia's initials on the first page.
56. When Plaintiffs requested a copy of their original Note, BOA sent them a copy that purported to have Mr. Friscia's initials on the first page.
57. Plaintiffs enlisted the services of Charles E. Perrotta, a handwriting expert, who determined that the initials on the Note were clearly forged.
58. Plaintiffs' expert clearly shows a forgery was perpetuated in an attempt to doctor the Note.
59. This forgery is a blatant false representation that the Note purported to be held by BOA is in fact the original Note signed by Mr. Friscia, which is a material fact.
60. The Note offered by Bank of America is not the original Note signed by Mr. Friscia and BOA continues to perpetuate this fraud by claiming that it is the true original Note.
In the Friscias' unfair debt collection claim, they challenge the validity of the debt. The Friscias' complaint provides, in pertinent part, the following:
177. Upon information and belief, the Defendants have, on multiple occasions, notified numerous third parties that Plaintiffs owed a debt to them when in fact no valid debt was owed to the Defendants[.]
178. Defendant HSKP, as attorneys for BOA, contacted Plaintiffs to pay their debt within five days of the mailing or else be liable to pay attorney's fees when Plaintiffs in fact owed no lawful debt[.]
179. Defendant BOA engaged in harassment and abuse by filing legal actions to collect on what they knew or should have known was an unlawful debt[.]
...
186. Defendants attempted to collect the alleged debt in a manner and amount not authorized by the original Deed of Trust and Note[.]
Here, it is apparent that the allegations in both claims simply challenge BANA's authority to initiate foreclosure proceedings on the theories that BANA was not the holder of the Note and that no valid debt existed. Although the trial court's foreclosure order does not address either of these claims, the issues before us on appeal are identical to issues litigated in the foreclosure proceeding. In particular, the clerk found that BANA was the Note holder and found the existence of a valid debt. The order specifically provides: "Bank of America, NA, successor by merger to BAC Home Loans Servicing, LP is the holder of the note sought to be foreclosed and it evidences that this is a valid debt owed by Christopher C. Friscia."
Given this, the doctrine of collateral estoppel is applicable in light of the fact that: (1) the clerk's order authorizing the foreclosure to proceed constituted a final judgment on the merits; (2) both in the present action and in the foreclosure proceeding, identical issues were raised concerning BANA's status as the holder of the Note and the validity of the debt; (3) these issues were litigated in the foreclosure action and necessary to the outcome of the proceeding; and (4) these issues were actually determined-the clerk found that BANA was the holder of the Note that evidenced a valid debt, and, as such, BANA was entitled to enforce the Note by means of foreclosure. Accordingly, we hold that the trial court did not err in granting defendants' motions to dismiss.
Affirmed.
Judges GEER and DILLON concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiffs from orders entered 28 April 2014 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 April 2015.